Jean M. Daly (SBN 159129)
jdaly@murchisonlaw.com
Lissa Laffey (SBN 147338)
llaffey@murchisonlaw.com
**MURCHISON & CUMMING, LLP**
801 South Grand Avenue, Ninth Floor
Los Angeles, California 90017-4613
T: (213) 623-7400 / F: (213) 623-6336

Richard S. Endres (SBN 144853)
rendres@londonfischer.com
James E. Gibbons (SBN 130631)
jgibbons@londonfischer.com
**LONDON FISCHER LLP**
2505 McCabe Way, Suite 100
Irvine, California 92614
T: (949) 252-0550 / F: (949) 252-0553

Attorneys for Plaintiff and Counter Defendant,
FEDERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TUNGSTEN HEAVY POWDER & PARTS, INC. and TUNGSTEN PARTS WYOMING, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTER-CLAIMS | Case No.: 21-cv-1197-W-MDD<br>Judge: Hon. Thomas C. Whelan<br>Magistrate: Hon. Mitchell D. Dembin<br><br>**DISCOVERY MATTER**<br>**(NO ORAL ARGUMENT PURSUANT TO LOCAL RULE)**<br><br>**FEDERAL INSURANCE COMPANY'S NOTICE OF MOTION TO COMPEL GENERAL DYNAMICS' COMPLIANCE WITH SUBPOENA AND REQUEST FOR ORDER TO SHOW CAUSE RE: CONTEMPT**<br>*[Filed concurrently with the Declaration of Lissa Laffey; the Declaration of Richard Endres; [Proposed] Order]*<br><br>Date/Time: TBD<br>Location:    Courtroom 3C<br>            221 West Broadway<br>            San Diego, CA 92101 |

{L0192569.1 }                                i

**FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL NONPARTY (GENERAL DYNAMICS) TO COMPLY WITH SUBPOENA FOR DEPOSITION TESTIMONY**

TO THE HONORABLE COURT AND TO ALL PARTIES:

PLEASE TAKE NOTICE THAT Federal Insurance Company will and hereby does move the Court to compel compliance with the subpoena to nonparty General Dynamics Ordnance and Tactical Systems ("General Dynamics"), and pursuant to Federal Rules of Civil Procedure Rule 45(g), requests the Court issue an order to show cause why General Dynamics should not be held in contempt for failure to appear at the deposition required by the Amended Subpoena, which is attached as Exhibit A to the Declaration of Lisa Laffey submitted with this Motion. Pursuant to the Chamber Rules, Rule 3.b., the Court generally decides motions based on the papers subject to a briefing schedule that will be determined by the Court after the filing of this Motion, and thereafter disclosed to the parties. In the event it is set for hearing by the Court at a date and time to be determined, the Motion will be heard at the United States District Court, Courtroom 3C, located at 221 West Broadway, San Diego, California 92101.

This Motion is made following Plaintiff Federal Insurance Company's good faith attempts to meet and confer with General Dynamics pursuant to Civil Rule 26.1 of the local rules, and in the absence of any objection from the Tungsten Defendants despite service and notice to Defendants regarding the Subpoena, Amended Subpoena and Deposition. This Motion is based upon this Notice, the Memorandum of Points and Authorities set forth below, the Declarations of Lissa Laffey and Richard Endres, and such other matters as the Court may consider in connection with this Motion.

Dated: June 3, 2022                    LONDON FISCHER LLP

By: _____
Richard S. Endres, Esq.
James E. Gibbons, Esq.
Jefferson M. Shelton, Esq.
*Attorneys for Plaintiff and Counter Defendant,*
FEDERAL INSURANCE COMPANY

{L0192569.1 }    ii

**FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL NONPARTY (GENERAL DYNAMICS) TO COMPLY WITH SUBPOENA FOR DEPOSITION TESTIMONY**

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................ 1

II. THE COURT HAS JURISDICTION TO GRANT THIS MOTION. ......................... 1

III. FACTUAL BACKGROUND ...................................................................................... 2

   A. The Subpoenaed Testimony Is Probative of Plaintiff's Claim and Defendants' Counterclaim. ................................................................................................... 2

   B. Before the Deposition, Federal Attempted to Meet and Confer with the Deponent's Counsel, Without Success. ................................................................................. 3

   C. General Dynamics Failed to Appear for Deposition at the Date and Time Specified in the Amended Subpoena. ................................................................................ 5

   D. Following General Dynamics' Non-Appearance at Deposition, Federal Again Met and Conferred in an Attempt to Avoid the Need for this Motion. ........................ 5

IV. AN ORDER TO COMPEL THE DEPOSITION OF GENERAL DYNAMICS IS WARRANTED. ........................................................................................................... 5

   A. Federal Is Entitled to Take the Deposition of General Dynamics. ........................... 5

   B. General Dynamics' Written Objections Lack Merit. ................................................ 6

      1. General Dynamics incorrectly contends Plaintiff must waive deposition testimony *and* must accept a Declaration that will be unilaterally and solely authored by General Dynamics. ........................................................................ 7

      2. The Amended Subpoena provided a reasonable period of 20 days. ................ 8

      3. The categories for testimony are not overbroad or unduly burdensome. ............ 9

      4. General Dynamics objects that "Zoom Videoconferencing" would somehow require the deponent to travel more than 100 miles, based on subpoenaing counsel's location in California. ........................................................................ 10

{L0192569.1}                                              iii

**FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL NONPARTY (GENERAL DYNAMICS) TO COMPLY WITH SUBPOENA FOR DEPOSITION TESTIMONY**

C.  Plaintiff Requests an Order to Compel General Dynamics' Appearance at Deposition. ................................................................................................... 11

V.   PLAINTIFF FURTHER REQUESTS AN ORDER TO SHOW CAUSE WHY GENERAL DYNAMICS SHOULD NOT BE HELD IN CONTEMPT. ................. 11

VI.  CONCLUSION ............................................................................................... 12

{L0192569.1 }                                          iv

**FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL NONPARTY (GENERAL DYNAMICS) TO COMPLY WITH SUBPOENA FOR DEPOSITION TESTIMONY**

# TABLE OF AUTHORITIES

**Cases**

*Arminak v. Arminak & Assocs.* (C.D.Cal. May 23, 2017, No. CV 16-3382 JAK (SSx)) 2017 ...................................................................................................................... 8

*F.D.I.C. v. Garner*, 126 F.3d 1138, 1146 (9th Cir. 1997) ..................................................... 9

*Fox v. Traverse City Area Pub. Sch. Bd. of Educ.*, 2009 U.S. Dist. LEXIS 18095, 2009 .. 8

*Franco v. Alorica Inc.* (C.D.Cal. Nov. 5, 2021, No. 2:20-cv-05035-DOC-KESx) ............. 7

*Frobe v. UPMC St. Margaret* (W.D.Pa. July 13, 2021, No. 2:20-CV-00957-CRE) 2021 ................................................................................................................................. 10

*Meeks v. Parsons* (E.D.Cal. Sep. 18, 2009, No. 1:03-cv-6700-LJO-GSA) 2009 WL 3003718, 2009 ....................................................................................................... 9

*Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990). 9

*Oppenheimer v. City of La Habra*, No. SA CV 16-00018-JVS(DFMx), 2017 ................. 11

*Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 fn. 5 (9th Cir. 1983) .......... 11

*Schoenherr v. Paul Smith Clay Twp. Officer* (E.D.Mich. May 21, 2013, No. 12-cv-14276) 2013 WL 2239304, 2013 ................................................................................. 10, 11

*Singh v. Vanderbilt Univ. Med. Ctr.*, No. 3:17-CV-00400, 2021 WL3710442, at *4 (M.D. Tenn Aug. 19, 2021.) ............................................................................................ 11

*Oakes v. Halvorsen Marine Ltd.*], 179 F.R.D [281] at 283 [C.D.Cal.1998 ........................ 9

**Statutes**

Fed. R. Civ. P. 26(b)(1) .................................................................................................. 5, 6
Fed. R. Civ. P. 30(b)(6) ....................................................................................................... 1
Fed. R. Civ. P. 43 .............................................................................................................. 11
Fed. R. Civ. P. 45(c)(1)(A) ............................................................................................... 10
Fed. R. Civ. P. 45(d)(3)(A)(i) ............................................................................................. 8
Fed. R. Civ. P. 45(g) ......................................................................................................... 11

{L0192569.1 }                                v

**FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL NONPARTY (GENERAL DYNAMICS) TO COMPLY WITH SUBPOENA FOR DEPOSITION TESTIMONY**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The deposition of nonparty General Dynamics Ordnance and Tactical Systems ("General Dynamics") is necessary for Plaintiff to adequately prosecute its claims and to defend against the counterclaim asserted against it. That is because Defendants identified General Dynamics as "the biggest one" of their potential customers with whom Defendants lost business in connection with Defendants' insurance claim for the loss of business income, which is the subject matter of this insurance litigation. Accordingly, the deposition testimony of General Dynamics is indispensable to the controversy, claims, and defenses herein. Because Plaintiff duly served the subject subpoena and meet-and-confer efforts were unsuccessful, Plaintiff requests an order compelling General Dynamics to have its person most qualified submit to deposition. Particularly since General Dynamics' written objections lack merit, Plaintiff also requests an order to show cause why General Dynamics should not be held in contempt for its failure or refusal to comply.

## II. THE COURT HAS JURISDICTION TO GRANT THIS MOTION.

According to its website, General Dynamics has multiple business locations in California, including one in San Diego, California.[1] Further, an image linked at General Dynamics' website depicts its name, "General Dynamics," on the building that purports to house its operations in San Diego, California. (Endres Decl., ¶7, Exh. I.) The Amended Subpoena in question called for General Dynamics to designate a person pursuant to Rule 30(b)(6) to testify remotely via videoconference regarding information known or reasonably available to General Dynamics concerning the specified categories.

---

[1] See the "Locations" page at the website for General Dynamics Ordnance and Tactical Systems, available at https://www.gd-ots.com/our-company/locations/, which lists General Dynamics' San Diego Operations located at 7603 Saint Andrews Avenue, Suite H, San Diego, CA 92154.

{L0192569.1}   1

**FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL NONPARTY (GENERAL DYNAMICS) TO COMPLY WITH SUBPOENA FOR DEPOSITION TESTIMONY**

(Laffey Decl., Exh. A.)  General Dynamics could have designated a person to provide remote testimony via videoconference from General Dynamics' San Diego location (or from an internet connection within 100 miles and within the Southern District of California).  Accordingly, this Court has jurisdiction to compel General Dynamics' compliance with the Amended Subpoena.

This Motion is timely because it arises out of both General Dynamics' failure to appear at the May 12, 2022 deposition (Endres Decl., Exh. H) and the written objections by counsel dated May 6, 2022 (Laffey Decl., Exh. E).[2]  The Amended Subpoena was properly served pursuant to agreement by General Dynamics' counsel to accept e-mail service of the Amended Subpoena (following formal service of process of an earlier subpoena to a different "General Dynamics" entity).  (Laffey Decl., ¶5, Exh. C.)  This Motion is being served not only by e-mail to General Dynamics' counsel who accepted e-mail service of the Amended Subpoena, but also – in an abundance of caution – by personal service to the registered agent that is commonly shared by both "General Dynamics Ordnance and Tactical Systems, Inc." and "General Dynamics OTS, Inc." (See, Proof of Service.)

## III.  FACTUAL BACKGROUND

### A.  **The Subpoenaed Testimony Is Probative of Plaintiff's Claim and Defendants' Counterclaim.**

This is an insurance coverage action relating to the Defendants' claim for the loss of business income under their commercial insurance policy issued by Plaintiff Federal Insurance Company ("Federal").  (ECF No. 1.)  Essentially, Defendants allege that in April 2019, damage to Defendants' industrial furnace inhibited their ability to manufacture and sell tungsten products to buyers, allegedly resulting in business losses

---

[2] This Motion to compel *oral discovery* is due to be filed within 30 days of the completion of the deposition transcript dated May 12, 2022, attached as Exhibit H hereto. (Chambers Rules, Civ. Pretrial Proc. Rule V.C.2.)

{L0192569.1 }                                    2

**FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL NONPARTY (GENERAL DYNAMICS) TO COMPLY WITH SUBPOENA FOR DEPOSITION TESTIMONY**

1  totaling more than $9.5 million.  (ECF No. 6, PageID 340, Line 27.)  Joseph Serov – a
2  former president and/or CEO of both Defendants – provided an examination under oath
3  relating to the claim.[3]  (Declaration of Richard Endres ["Endres Decl."], ¶3.)  Mr. Serov
4  testified that General Dynamics was the "biggest" "potential customer" regarding the
5  "business that was lost... due to the malfunction of the furnace."  (*Id*., Exh. G.)
6  Accordingly, testimony from the person most qualified for General Dynamics is
7  probative regarding the existence, amount, and cause of the alleged business loss that
8  Defendants tendered to Plaintiff for insurance coverage under the relevant commercial
9  policy.  In turn, Plaintiff is entitled to obtain deposition testimony from non-party
10 General Dynamics regarding, among other things, its potential purchase of tungsten
11 products from Defendants, and the reasons why General Dynamics did not consummate
12 one or more proposed deals with the Defendants in the general time period of the
13 "malfunction of the furnace."

**B.     Before the Deposition, Federal Attempted to Meet and Confer with the Deponent's Counsel, Without Success.**

16  On April 11, 2022, at the instruction of Federal's counsel, a Subpoena was issued
17 to "General Dynamics (Hellfire R9E Program)" and served on its authorized agent.
18 (Declaration of Lissa Laffey ["Laffey Decl."], ¶3, Exh. B.)  On April 21, 2022, counsel
19 for General Dynamics called Federal's counsel regarding the initial Subpoena.  (Laffey
20 Decl., ¶4.)  During that April 21, 2022 phone call, counsel for General Dynamics advised
21 that the appropriate entity name is "General Dynamics Ordnance and Tactical Systems,"
22 and counsel for General Dynamics agreed to accept e-mail service of an amended
23 subpoena with the corrected entity name.  (*Ibid*.)  On April 22, 2022, Federal's counsel

---

[3] Specifically, on December 20, 2019 Mr. Serov testified at his examination under oath that he was then the president of Defendant Tungsten Parts Wyoming, Inc. and the former CEO of Defendant Tungsten Heavy Powder & Parts, Inc. (Endres Decl., ¶3, Exh. G; see also ECF No. 6, PageID 338, Line 12, where Defendants identified Mr. Serov as a "senior executive.")

{L0192569.1}                                          3

**FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL NONPARTY (GENERAL DYNAMICS) TO COMPLY WITH SUBPOENA FOR DEPOSITION TESTIMONY**

1 served by e-mail the Amended Subpoena to "General Dynamics Ordnance and Tactical
2 Systems," setting a deposition and document production date of May 12, 2022.  (Laffey
3 Decl., ¶5, Exh. C.)

4       On April 27, 2022, Federal's counsel requested by voice message and e-mail a
5 meet-and-confer telephone conference to discuss the Amended Subpoena.  (Laffey Decl.,
6 ¶6.)  Again on May 3, 2022, Federal's counsel requested a meet-and-confer telephone
7 conference, which General Dynamics' counsel accepted.  (*Ibid*.)  During the May 3, 2022
8 telephone conference, Federal proposed that General Dynamics provide a written
9 declaration that would cover the subject matter of the deposition in sufficient detail to
10 obviate testimony by a live witness.  (*Ibid*.)

11       On May 5, 2022, General Dynamics agreed to provide a declaration, but only if
12 Federal agreed in advance to waive the deposition request.  Federal's counsel promptly
13 responded: "Once all of the issues are hashed out and your Declarant and my client agree
14 to a Declaration, as well as the documents to be produced, we will agree to take the
15 deposition off."  Counsel for General Dynamics then promptly responded: "I don't think
16 that process is going to work given that the return date is next week.  You've already
17 explained what you are looking for out of a declaration and I've already agree to provide
18 that.  And I've also been open that we will be producing a large volume of documents.
19 That should be more than sufficient for you to agree to withdraw the deposition request."
20 (Laffey Decl., ¶7, Exh. D.)

21       By letter dated May 6, 2022, counsel for General Dynamics communicated its
22 objections to the Amended Subpoena, asserting three general objections that (1) Federal
23 provided an unreasonable time for compliance, (2) the Amended Subpoena was unduly
24 burdensome due to overbreadth, and (3) the Amended Subpoena requires compliance
25 outside the 100-mile statutory radius notwithstanding that it called for remote
26 participation by videoconference (Zoom).  (Laffey Decl., ¶8, Exh. E.)

27       In e-mails exchanged on May 11, 2022, counsel for General Dynamics confirmed
28 its agreement to produce documents responsive to the Amended Subpoena by May 16,

{L0192569.1 }                                          4

**FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL NONPARTY (GENERAL DYNAMICS) TO COMPLY WITH SUBPOENA FOR DEPOSITION TESTIMONY**

2022. Regarding the deposition by Zoom videoconference, counsel for General Dynamics stated, "We are not joining." (Laffey Decl., ¶9, Exh. F.)

### C. General Dynamics Failed to Appear for Deposition at the Date and Time Specified in the Amended Subpoena.

On May 12, 2022 at 10:00 a.m., Federal's counsel attempted to proceed with the deposition of General Dynamics on the date and time stated in the Amended Subpoena. (Endres Decl., ¶4, Exh. H.) The General Dynamics witness did not appear, and the reporter recorded the non-appearance of the witness.

### D. Following General Dynamics' Non-Appearance at Deposition, Federal Again Met and Conferred in an Attempt to Avoid the Need for this Motion.

On or about May 16, 2022, General Dynamics through its counsel produced documents responsive to the Amended Subpoena. (Laffey Decl., ¶10; Endres Decl., ¶5.) On May 23, 2022, in an attempt to avoid the need for this Motion, two different lawyers for Federal spoke by telephone with counsel for General Dynamics. (*Ibid.*) However, General Dynamics again declined to make a witness available for deposition. (*Ibid.*) As a result, this Motion has become necessary for Federal to obtain deposition testimony from Defendants' largest potential customer that, allegedly, did not purchase Defendants' tungsten products because of the business loss that Defendants tendered to Plaintiff for insurance – i.e., the alleged April 2019 furnace damage and ensuing loss of manufacturing capacity and customer purchases.

Defendants have not communicated to Plaintiff's counsel any objections regarding the deposition of General Dynamics. (Endres Decl., ¶6.)

## IV. AN ORDER TO COMPEL THE DEPOSITION OF GENERAL DYNAMICS IS WARRANTED.

### A. Federal Is Entitled to Take the Deposition of General Dynamics.

Rule 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to

{L0192569.1 }   5

**FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL NONPARTY (GENERAL DYNAMICS) TO COMPLY WITH SUBPOENA FOR DEPOSITION TESTIMONY**

the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." (Fed. R. Civ. P. 26(b)(1).)

The foregoing statutory factors are manifestly satisfied here. Defendants' former president/CEO identified General Dynamics as "the biggest one" of the potential customers whose deal fell through due to the furnace damage. (Endres Decl., ¶3, Exh. G.) A person-most-qualified deposition is proportional to the needs of the case including General Dynamics' business relationship with Defendants and the amount of the insurance claim at issue (allegedly $9.5 million[4]). There is no alternative or less-restrictive means of obtaining the information sought, other than from non-party General Dynamics, regarding whether General Dynamics rejected potential business deal(s) with Defendants and if so, why.

**B.  General Dynamics' Written Objections Lack Merit.**

By letter dated May 6, 2022, General Dynamics interposed its written objections to the Amended Subpoena. In the numbered subheadings below, we discuss those objections in the same order in which General Dynamics' objection letter presented them, as follows: (1) Plaintiff improperly proposed a written declaration in lieu of verbal testimony, (2) the Amended Subpoena served by April 22, 2022 did not provide reasonable notice of the May 12, 2022 deposition, (3) the Amended Subpoena regarding General Dynamics' purchases of tungsten materials from Defendants since 2018 was somehow overbroad or burdensome; and (4) the Zoom videoconference deposition would somehow violate the prohibition against forcing the deponent to travel more than 100 miles. (See, May 6, 2022 letter, Exh. E to Laffey Decl., at pages 1-2.)

---

[4] See ECF No. 6, PageID 340, Line 27.

{L0192569.1}   6

**FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL NONPARTY (GENERAL DYNAMICS) TO COMPLY WITH SUBPOENA FOR DEPOSITION TESTIMONY**

### 1. General Dynamics incorrectly contends Plaintiff must waive deposition testimony *and* must accept a Declaration that will be unilaterally and solely authored by General Dynamics.

Plaintiff proposed that General Dynamics submit a written declaration that might obviate the need for verbal testimony, depending on the thoroughness and specificity of the written declaration. (Laffey Decl., ¶6.) General Dynamics insisted, without authority, that Plaintiff must permanently waive a verbal deposition in order to propose a written declaration, or else Plaintiff would be guilty of unethical witness tampering. (Laffey Decl., ¶¶ 7-8, Exh. E.) Plaintiff declined to irrevocably waive the right to take a deposition without sight of the format, length, specificity, or subject matter of the future written declaration. (Laffey Decl., ¶7.) As another California District Court expressly recognized, **a subpoenaing party's agreement to accept a declaration in lieu of deposition testimony is not an agreement "to accept a declaration unilaterally revised by [the deponent]."** (*Franco v. Alorica Inc.* (C.D.Cal. Nov. 5, 2021, No. 2:20-cv-05035-DOC-KESx) 2021 WL 6104816[5], 2021 U.S.Dist.LEXIS 245905, at *15 [emphasis added].)

In other words, the subpoenaing party cannot permanently relinquish the right to obtain deposition testimony in a vacuum, before the written declaration exists. This method would leave Plaintiff at the mercy of General Dynamics' sole authorship of the declaration in terms of its specificity, thoroughness, and subject matter. Having obtained Plaintiff's waiver, General Dynamics might have less incentive to craft a meaningful declaration with roughly equivalent probative value as a deposition. For instance, a written declaration drafted solely and unilaterally by the deponent might contain only a vague, indecipherable, or one-line description that requires clarification (e.g., *"Yes, we were informed of some delays regarding tungsten manufacturing and/or delivery"*). Or,

---

[5] Pursuant to Judge Whelan's Chamber Rule 3.f., this Motion includes a parallel citation to WestLaw where it is available via Lexis, to which Plaintiff's counsel subscribes.

{L0192569.1}  7

**FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL NONPARTY (GENERAL DYNAMICS) TO COMPLY WITH SUBPOENA FOR DEPOSITION TESTIMONY**

it might avoid the substance of the question in a way that requires foundation (e.g., *"Despite a reasonable inquiry, Responding Party did not locate definitive and conclusive information"*). In such a scenario, Plaintiff would have to overcome General Dynamics' inevitable argument that Plaintiff waived the right to obtain the necessary clarification, foundation, or details.

Finally, even assuming that Plaintiff's proposal of a written declaration was somehow improper (it was not), then in that hypothetical case General Dynamics could, and should, have elected to forego the written declaration and simply provide verbal testimony as required by the Amended Subpoena. The route taken by General Dynamics – to complain about the proposal of a written declaration while also refusing to sit for deposition – leaves Plaintiff emptyhanded. General Dynamics' unjustified and unsupported approach warrants an order to show cause regarding contempt, particularly since General Dynamics' other written objections similarly lack merit.

**2.     The Amended Subpoena provided a reasonable period of 20 days.**

A subpoena must "allow a reasonable time to comply." (Fed. R. Civ. P. 45(d)(3)(A)(i).) "While the Rule does not specify what constitutes a reasonable amount of time, courts often require at least ten days' notice." (*Arminak v. Arminak & Assocs.* (C.D.Cal. May 23, 2017, No. CV 16-3382 JAK (SSx)) 2017 U.S.Dist.LEXIS 230113, at \*7 citing *Fox v. Traverse City Area Pub. Sch. Bd. of Educ.*, 2009 U.S. Dist. LEXIS 18095, 2009 WL 724001, at \*1 (W.D. Mich. Mar. 10, 2009) ["What is 'reasonable' depends on the circumstances of the case, but at least 10 days' notice is customarily expected."].)

Federal served the initial subpoena on April 11, 2022; after correcting the entity name suffix as suggested by General Dynamics' counsel, Federal then served the Amended Subpoena on April 22, 2022 (20 days before the deposition date of May 12, 2022). (Laffey Decl., ¶¶ 3-5.) The notice period of 20 days was reasonable. In written objections, General Dynamics asserted that the discussions regarding a possible written declaration in lieu of testimony, which discussions occurred from May 3-5, 2022,

{L0192569.1 }     8

**FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL NONPARTY (GENERAL DYNAMICS) TO COMPLY WITH SUBPOENA FOR DEPOSITION TESTIMONY**

1  somehow tolled the notice period so as to render the Amended Subpoena unreasonable.
2  (Laffey Decl., ¶8, Exh. E.)  First, such discussions from May 3-5, 2022 commenced more
3  than ten days after service of the Amended Subpoena; the notice period from April 22 to
4  May 3, 2022 and again from May 6-12, 2022 adds up to 17 days – still more than
5  reasonable notice.  (Laffey Decl., ¶¶ 5-6.)  Second, because Federal never agreed to
6  withdraw its Amended Subpoena or cancel the deposition before seeing the written
7  declaration, General Dynamics halted its deposition preparation at its own risk (if it did
8  so) during the few days the parties unsuccessfully negotiated potential alternatives to the
9  deposition.  (*Ibid*.)

### 3. The categories for testimony are not overbroad or unduly burdensome.

"'The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.' *Oakes* [*v. Halvorsen Marine Ltd.*], 179 F.R.D [281] at 283 [C.D.Cal.1998]; *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990). A party that objects to a subpoena as overbroad or burdensome bears the burden of proving overbreadth or undue burden. *F.D.I.C. v. Garner*, 126 F.3d 1138, 1146 (9th Cir. 1997)." (*Meeks v. Parsons* (E.D.Cal. Sep. 18, 2009, No. 1:03-cv-6700-LJO-GSA) 2009 WL 3003718, 2009 U.S.Dist.LEXIS 90283, at *24.)

Plaintiff is interested in whether and to what extent Defendants' industrial furnace damage in April 2019 impacted the business deals and relationship between General Dynamics and the two Tungsten Defendants.  Plaintiff presumes that General Dynamics has a "raw materials buyer" department with oversight responsibility regarding the purchase of tungsten from Defendants or their competitors.  The deposition relates to one or at most two account(s) and relationship(s) between General Dynamics and Defendants regarding the purchase of tungsten products for a specific time period ("2018 to the present").  General Dynamics' objection letter calls out the category relating to "documents" that "undermined and/or damaged [Defendants'] reputation to General

Dynamics from 2018 to present." (Laffey Decl., ¶8, Exh. E.)  Presumably, the persons responsible for General Dynamics' tungsten purchases have knowledge regarding Defendants' reputation at General Dynamics, and such a person could testify regarding documents that impacted that reputation.  This testimony goes directly toward the cause of the loss of business income and, separately, whether Plaintiff's allegations negatively impacted Defendants' business reputation as tungsten suppliers.

### 4. General Dynamics objects that "Zoom Videoconferencing" would somehow require the deponent to travel more than 100 miles, based on subpoenaing counsel's location in California.

A subpoena may command a person to attend a deposition only "within 100 miles of where the person resides, is employed, or regularly transacts business in person." (Fed. R. Civ. P. 45(c)(1)(A).)   Like many post-Covid subpoenas or notices of deposition, the Amended Subpoena listed "Via Zoom Videoconferencing" in the "Place" field, in lieu of a geographical location.  General Dynamics objects that a deposition conducted by internet videoconference somehow amounts to a "command" that the deponent must travel more than 100 miles. (Laffey Decl., ¶8, Exh. E.)  Testimony via videoconference does not require or imply travel of more than 100 miles.  "'Zoom Videoconferencing' is not a 'place;' rather, it is a method of taking the deposition." (*Frobe v. UPMC St. Margaret* (W.D.Pa. July 13, 2021, No. 2:20-CV-00957-CRE) 2021 U.S.Dist.LEXIS 129924, at *3.)

The Amended Subpoena requires the deponent to travel only to the nearest computer equipped with a camera, microphone, and internet connection. (Laffey Decl., ¶3, Exh. A.)  The Amended Subpoena complies with the 100-mile statutory travel radius because the deponent could participate in the deposition from any virtually anywhere in the United States; the deponent would presumably not need to leave General Dynamics' office.  Hence, there is no basis to assert a violation of the mileage limitation. (*Schoenherr v. Paul Smith Clay Twp. Officer* (E.D.Mich. May 21, 2013, No. 12-cv-14276) 2013 WL 2239304, 2013 U.S.Dist.LEXIS 71602, at *8 [stating in *dicta* that

subpoena for remote testimony by videoconference would comply with the statutory 100-mile limitation].)

General Dynamics cites an inapplicable case that applied a different rule, FRCP Rule 43(a) which is applicable to trial testimony (not deposition testimony). (Mr. Warren's May 6, 2022 letter, Exh. E to Laffey Decl., citing *Singh v. Vanderbilt Univ. Med. Ctr.*, No. 3:17-CV-00400, 2021 WL3710442, at *4 (M.D. Tenn Aug. 19, 2021.) FRCP Rule 43(a) expressly requires: "**At trial**, the witnesses' testimony must be taken in open court," except that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court [at trial] by contemporaneous transmission from a different location." (Bold added.) The district court in *Singh*, *supra*, found that the moving party had not demonstrated to the "compelling circumstances" to qualify for the express exception governing in-court testimony at trial. That case and rule have no application here. (See, e.g., *Schoenherr*, *supra*, 2013 WL 2239304, 2013 U.S.Dist.LEXIS 71602, at *8.)

### C. Plaintiff Requests an Order to Compel General Dynamics' Appearance at Deposition.

For all the above reasons, Plaintiff respectfully requests that the Court issue an order compelling General Dynamics to designate a person most qualified to attend a deposition via Zoom videoconference on a date to be selected by Plaintiff (or such other date that General Dynamics may propose and to which Plaintiff may agree).

## V. PLAINTIFF FURTHER REQUESTS AN ORDER TO SHOW CAUSE WHY GENERAL DYNAMICS SHOULD NOT BE HELD IN CONTEMPT.

As explained above, General Dynamics unreasonably refused to sit for deposition and is therefore in contempt. (Endres Decl., 4, Exh. H; Fed. R. Civ. P. 45(g) [The court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."]; *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 fn. 5 (9th Cir. 1983) [noncompliance with subpoena warrants contempt sanctions]; *Oppenheimer v. City of La Habra*, No. SA CV 16-00018-

JVS(DFMx), 2017 U.S. Dist. LEXIS 23275 at *9-10 (C.D. Cal. Feb. 17, 2017) [ordering deponent to show cause regarding contempt for failure to comply with subpoena].)

## VI. CONCLUSION

Plaintiff respectfully requests that the Court order General Dynamics to appear for a deposition and show cause why its non-appearance should not be deemed contempt of court and subject to the expenses and fees incurred in connection with this Motion, should General Dynamics still fail to appear for its deposition.

Dated: June 3, 2022　　　　　　　　LONDON FISCHER LLP

By: _____
Richard S. Endres, Esq.
James E. Gibbons, Esq.
Jefferson M. Shelton, Esq.
*Attorneys for Plaintiff and Counter Defendant,*
FEDERAL INSURANCE COMPANY

{L0192569.1}   12

**FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL NONPARTY (GENERAL DYNAMICS) TO COMPLY WITH SUBPOENA FOR DEPOSITION TESTIMONY**

# PROOF OF SERVICE

*Federal Insurance Company v. Tungsten Heavy Powder & Parts, Inc., et al.*
United States District Court – Southern District of California
Case No.: 21-cv-1197-W-MDD

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and am not a party to the within action. My business address is 2505 McCabe Way, Suite 100, Irvine, California 92614.

On **June 3, 2022**, the document(s) entitled:

**FEDERAL INSURANCE COMPANY'S NOTICE OF MOTION TO COMPEL GENERAL DYNAMICS' COMPLIANCE WITH SUBPOENA AND REQUEST FOR ORDER TO SHOW CAUSE RE: CONTEMPT**

was/were served on the interested parties in this action by placing: [ ] the original [X] a true copy thereof, to be delivered/addressed as follows:

[**X**]   (**BY ELECTRONIC MAIL**) By causing the above-listed documents to be e-mailed to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Marc D. Halpern, Esq.<br>**HALPERN MAY YBARRA GELBERG, LLP**<br> 600 West Broadway, Suite 1060<br>San Diego, California 92101<br>T: (619) 618-7000<br>F: (619) 618-7001<br>marc.halpern@halpernmay.com<br><br>Attorneys for Counterclaimants and Defendants<br>**TUNGSTEN HEAVY POWDER & PARTS, INC. and TUNGSTEN PARTS WYOMING, INC.** | Heather L. Mayer, Esq.<br>Ryan D. White, Esq.<br>**HALPERN MAY YBARRA GELBERG, LLP**<br>550 S. Hope Street, Suite 2330<br>Los Angeles, California 90071<br>T: (213) 402-1911<br>heather.mayer@halpernmay.com<br>ryan.white@halpernmay.com<br><br>Attorneys for Counterclaimants and Defendants<br>**TUNGSTEN HEAVY POWDER & PARTS, INC. and TUNGSTEN PARTS WYOMING, INC.** |
| Previn Warren, Esq.<br>**JENNER & BLOCK**<br>1099 New York Ave, NW, Ste. 900<br>Washington, DC 20001-4412<br>T: (202) 639-6000<br>F: (202) 639-6066<br>pwarren@jenner.com<br><br>Attorneys for non-party **GENERAL DYNAMICS** | |

{L0192569.1 }

[X]   **(BY PERSONAL SERVICE) By causing the above-listed documents to be delivered to the person(s) listed below.**

> **1505 Corporation**
> **112**
> **C T CORPORATION SYSTEM**
> 330 N BRAND BLVD STE 700
> GLENDALE, CA  91203
>
> Registered Agent for Service of Process for:
> **GENERAL DYNAMICS ORDNANCE AND TACTICAL SYSTEMS, INC.** and
> **GENERAL DYNAMICS-OTS, INC.**

**Executed on June 3, 2022, at Irvine, California.**

[X]   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Sue Dobrowolski                                *Sue Dobrowolski*

{L0192569.1 }

**PROOF OF SERVICE**