Jean M. Daly (SBN 159129)
jdaly@murchisonlaw.com
Lissa Laffey (SBN 147338)
llaffey@murchisonlaw.com
**MURCHISON & CUMMING, LLP**
801 South Grand Avenue, Ninth Floor
Los Angeles, California 90017-4613
T: (213) 623-7400 / F: (213) 623-6336

Richard S. Endres (SBN 144853)
rendres@londonfischer.com
James E. Gibbons (SBN 130631)
jgibbons@londonfischer.com
**LONDON FISCHER LLP**
2505 McCabe Way, Suite 100
Irvine, California 92614
T: (949) 252-0550 / F: (949) 252-0553

Attorneys for Plaintiff and Counter Defendant,
FEDERAL INSURANCE COMPANY

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,<br><br>                              Plaintiff,<br><br>v.<br><br>TUNGSTEN HEAVY POWDER & PARTS, INC. and TUNGSTEN PARTS WYOMING, INC.,<br><br>                              Defendant.<br><br>_____<br><br>AND RELATED COUNTER-CLAIMS | Case No.: 21-cv-1197-W-MDD<br>Judge: Hon. Thomas C. Whelan<br>Magistrate: Hon. Mitchell D. Dembin<br><br>**DISCOVERY MATTER (NO ORAL ARGUMENT PURSUANT TO LOCAL RULE)**<br><br>**DECLARATION OF LISSA LAFFEY IN SUPPORT OF FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL**<br><br>*[Filed concurrently with Notice of Motion; the Declaration of Richard Endres; [Proposed] Order]*<br><br>Date/Time: TBD<br>Location:   Courtroom 3C<br>              221 West Broadway<br>              San Diego, CA 92101 |

:1.0193062.1 :

1

1 | I, LISSA D. LAFFEY, hereby declare as follows:

2 |       1.    I am an attorney at law duly licensed to practice before the courts of the

3 | State of California and a senior associate with the law firm of Murchison & Cumming

4 | LLP, counsel for Plaintiff Federal Insurance Company ("Plaintiff" or "Federal"), in the

5 | above-named action. Based on my familiarity with my firm's litigation files and record

6 | keeping practices regarding this matter, the documents attached hereto are true and

7 | correct copies of the described originals. The matters stated herein are true of my own

8 | personal knowledge, except as to those matters stated on information and belief, which I

9 | believe to be true.

10 |       2.    I make this declaration in support of Plaintiff's Motion to Compel

11 | Compliance with Subpoena and Request for Order to Show Cause Why General

12 | Dynamics Should Not Be Held in Contempt. A true and correct copy of the subject

13 | subpoena (the "Amended Subpoena"), the subject of this Motion, is attached hereto as

14 | **Exhibit A**.

15 |       3.    On April 11, 2022, at the instruction of Federal's counsel, a Subpoena was

16 | issued to "General Dynamics (Hellfire R9E Program)" and served on its authorized

17 | agent. A true and correct copy of the proof of service relating to the aforementioned

18 | subpoena is attached hereto as **Exhibit B**. [To avoid confusion with the operative

19 | Amended Subpoena dated April 22, 2022, we do not attach a copy of the initial Subpoena

20 | dated April 11, 2022.]

21 |       4.    On April 21, 2022, counsel for General Dynamics, Previn Warren of Jenner

22 | & Block, called me regarding the initial Subpoena. During that April 21, 2022 phone

23 | call, Mr. Warren advised that the appropriate entity name is "General Dynamics

24 | Ordnance and Tactical Systems," and Mr. Warren agreed to accept e-mail service of an

25 | amended subpoena with the corrected entity name.

26 |       5.    On April 22, 2022, I served by e-mail the Amended Subpoena to "General

27 | Dynamics Ordnance and Tactical Systems," setting a deposition and document

28 | production date of May 12, 2022. A true and correct copy of the April 22, 2022 e-mail

:1.0193062.1 :                                                                    2

1  transmission of the Amended Subpoena, is attached hereto as **Exhibit C,** without its

2  internal attachment (the Amended Subpoena itself, which is separately attached as

3  Exhibit A hereto).

4        6.     On April 27, 2022, by voice message and e-mail, I requested that Mr.

5  Warren engage in a meet-and-confer telephone conference to discuss the Amended

6  Subpoena.  Again on May 3, 2022, I requested a meet-and-confer telephone conference,

7  which Mr. Warren accepted.  During the May 3, 2022 telephone conference, I proposed

8  that General Dynamics provide a written declaration that would cover the subject matter

9  of the deposition in sufficient detail to obviate testimony by a live witness.

10        7.     On May 5, 2022, Mr. Warren agreed that General Dynamics would provide

11  a declaration, but only if Federal agreed in advance to waive the deposition request.  I

12  promptly responded: "Once all of the issues are hashed out and your Declarant and my

13  client agree to a Declaration, as well as the documents to be produced, we will agree to

14  take the deposition off."  Mr. Warren then promptly responded: "I don't think that

15  process is going to work given that the return date is next week.  You've already

16  explained what you are looking for out of a declaration and I've already agree to provide

17  that.  And I've also been open that we will be producing a large volume of documents.

18  That should be more than sufficient for you to agree to withdraw the deposition request."

19  A true and correct copy of the e-mail chain reflecting the communications described in

20  this paragraph is attached hereto as **Exhibit D**.

21        8.     By letter dated May 6, 2022, Mr. Warren communicated General Dynamics'

22  objections to the Amended Subpoena.  A true and correct copy of Mr. Warren's objection

23  letter, described in this paragraph, is attached hereto as **Exhibit E**.

24  ///

25  ///

26  ///

27  ///

28  ///

:1.0193062.1 :                                      3

**DECLARATION OF LISSA LAFFEY IN SUPPORT OF**
**FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL (GENERAL DYNAMICS)**

9.     In e-mails exchanged on May 11, 2022, counsel for General Dynamics confirmed its agreement to produce documents responsive to the Amended Subpoena by May 16, 2022.  Regarding the deposition by Zoom videoconference, counsel for General Dynamics stated, "We are not joining."  A true and correct copy of the e-mail chain containing the communications described in this paragraph is attached hereto as **Exhibit F**.

10.     On or about May 16, 2022, General Dynamics through its counsel, Mr. Warren, produced documents responsive to the Amended Subpoena.  On May 23, 2022, in an attempt to avoid the need for this Motion, I again spoke by telephone with Mr. Warren.  However, General Dynamics again declined to make a witness available for deposition.  At that point, all meet-and-confer efforts proved unsuccessful, and this Motion became unavoidable.

11.     My office has not received from the Defendants any objections to the deposition of General Dynamics, as sought by the Amended Subpoena and the accompanying Motion.  Therefore, I am informed and believe that Defendants have no objection to the deposition of General Dynamics pursuant to the Amended Subpoena at issue herein.

I declare under penalty of perjury under the laws of the State of California, that the forgoing is true and correct.

Executed this 2nd of June 2022, at Los Angeles, California.

Lissa Laffey, Declarant

:1.0193062.1 :

4

# EXHIBIT A

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 21-cv-1197-W-MDD |
| TUNGSTEN HEAVY POWDER & PARTS, INC. | ) |
| and TUNGSTEN PARTS WYOMING, INC. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: GENERAL DYNAMICS - Ordnance and Tactical Systems (AMENDED SUBPOENA)

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit "A" attached herewith to Notice of Deposition

| Place: VIA ZOOM VIDEO CONFERENCING (Link to be provided at a later date) | Date and Time: 5/12/2022 10:00 a.m. (PST) |
|---|---|

The deposition will be recorded by this method: Stenographically via Video Conference

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attachment

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/22/22

| CLERK OF COURT | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* FEDERAL INSURANCE COMPANY Lissa D. Laffey; llaffey@murchisonlaw.com; 213-623-7400 _____, who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____                 _____
                                                                        *Server's signature*

                                                                 _____
                                                                        *Printed name and title*

                                                                 _____
                                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1  Jean M. Daly (SBN 159129)
     *jdaly@murchisonlaw.com*
2  Lissa D. Laffey  (SBN 147338)
      *llaffey@murchisonlaw.com*
3  **MURCHISON & CUMMING, LLP**
   801 South Grand Avenue, Ninth Floor
4  Los Angeles, California 90017-4613
   Telephone: (213) 623-7400
5  Facsimile: (213) 623-6336

6  Attorneys for Plaintiff and Counter
   Defendant, FEDERAL INSURANCE
7  COMPANY

8                    UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11  FEDERAL INSURANCE COMPANY,        CASE NO. 21-cv-1197-W-MDD

12              Plaintiff,             **PLAINTIFF AND COUNTER
                                       DEFENDANT, FEDERAL
13       vs.                          INSURANCE COMPANY'S
                                       AMENDED NOTICE OF
14  TUNGSTEN HEAVY POWDER &           DEPOSITION OF PERSON(S)
    PARTS, INC. and TUNGSTEN PARTS    MOST QUALIFIED OF GENERAL
15  WYOMING, INC.                     DYNAMICS ORDNANCE AND
                                       TACTICAL SYSTEMS
16              Defendants.
                                       **Date:** May 12, 2022
17  _____        **Time:** 10:00 a.m. (PST)
    AND RELATED COUNTER-CLAIMS        **Place:** Zoom Videoconference
18

19

20  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

21       **PLEASE TAKE NOTICE** that, under Federal Rule of Civil Procedure

22  30(b)(6), 45 and the Local Rules of the United States District Court for the Southern

23  District of California, Plaintiff and Counter Defendant Federal Insurance Company

24  ("Federal"), by and through counsel, will take the deposition of the Person(s) Most

25  Qualified of **GENERAL DYNAMICS ORDNANCE AND TACTICAL**

26  **SYSTEMS** on the subject matters set forth below. *Because the office of Murchison*

27  *& Cumming, LLP is not open to the public on the scheduled date due to the Covid-*

28  *19 pandemic, this deposition will be taken through ZOOM Video Conferencing*, at

1   10:00 a.m. on May 12, 2022 or at a time and place mutually agreeable to the parties.

2       The deposition shall be taken upon oral examination before an officer

3   authorized by law to administer oaths, shall be recorded by a stenographer and

4   videographer, and shall continue from day to day until completed. The deposition

5   may also be conducted by a method that provides for the instant display of the

6   testimony.

7       Reference is made to the description of the Matters for Examination attached to

8   the subpoena as **Exhibit A**. In accord with Rules FRCP 30(b)(6), **GENERAL**

9   **DYNAMICS ORDNANCE AND TACTICAL SYSTEMS** is hereby notified of its

10  obligation to designate one or more officers, directors, or managing agents (or other

11  persons who consent to do so) to testify on its behalf as to all matters identified in

12  **Exhibit A**.

13      **Please take further notice** that, pursuant to Rule 45(a)(1)(D) Of the Federal

14  Rules of Civil Procedure, Federal requests that **GENERAL DYNAMICS**

15  **ORDNANCE AND TACTICAL SYSTEMS** produce for inspection and copying

16  and at least two business days before the deposition all the DOCUMENTS and other

17  tangible things in its possession, custody, or control that are responsive to the

18  Requests for Production identified in **Exhibit B** to the subpoena and incorporated

19  herein by reference.

20      **NOTICE IS FURTHER GIVEN**, under Federal Rule of Civil Procedure 30 &

21  34, that the deponent, **GENERAL DYNAMICS ORDNANCE AND TACTICAL**

22  **SYSTEMS**, shall produce the following described DOCUMENTS or things for

23  inspection and copying by Federal, which production shall take place at the deposition.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

DATED:  April 22, 2022          **MURCHISON & CUMMING,  LLP**

By: _____
    Jean M. Daly
    Lissa D. Laffey
    Attorneys for Plaintiff and Counter
    Defendant, FEDERAL INSURANCE
    COMPANY

## **Exhibit A**

## **DEFINITIONS AND INSTRUCTIONS**

1.      "YOU" or "YOUR," shall mean **GENERAL DYNAMICS** and **GENERAL DYNAMICS ORDNANCE AND TACTICAL SYSTEMS**, its agents, attorneys, associates, employees, representatives, and any other person acting or purporting to act on its behalf.

2.      "Plaintiff ", "Federal", and "Counter Defendant" shall mean Federal Insurance Company, and its agents, attorneys, associates, employees, representatives, and any other person acting or purporting to act on its behalf.

3.      "Tungsten", "TPW", and "THP" means the Counterclaimants and Defendants in this action, Tungsten Heavy Powder & Parts Inc. and Tungsten Parts Wyoming Inc., as well as any present or former employees, officers, representatives and agents acting on Tungsten's behalf.

4.      "DOCUMENT", "DOCUMENTS" "PRINTOUTS" or "REPORTS" mean and refer to "DOCUMENTS and other tangible thing" and shall include, without limitation, originals, and copies (carbon, photographic, microfilm or otherwise) of all DOCUMENTS, REPORTS, PRINTOUTS, correspondence, papers, agreements, proposals, contracts, billings, REPORTS, exhibits, memoranda, notes, diaries, inter-office and/or intra-office corporate communications, email or other electronic communication, messages, telegrams, telex communications, letters, ledgers, photographs, pictures, drawings, sketches, analytical data, data sheets, video tapes, publications, catalog sheets or addenda, instructions, brochures, pamphlets, recordings (tape, disk, belt or any other type), invoices, work assignments, work records, worksheets, devices and any other writings, printed and/or typewritten matter, including drafts, or other physical objects in YOUR custody, care, possession, or control. The fact that information is contained in an electronic (as opposed to printed) form, such as on a hard drive or server, does not exclude the information from this definition.

Electronic DOCUMENTS must be produced with a .pdf, txt, or .jpeg load file suitable for uploading in Relativity format. DOCUMENTS such as email or other similar DOCUMENTS must include all attachments in their native format, without conversion to another electronic format. All available metadata fields must be produced for all DOCUMENTS produced (including all attachments), and all electronic data must be produced in its native format, unaltered, uncorrupted and without conversion to another electronic format. Prior to production, all original electronic DOCUMENTS produced in .pdf format must be subjected to an OCR (optical character reader) process to make them electronically searchable. Original electronic DOCUMENTS must not be converted at any time prior to production to .tiff, .jpg, .pdf or other "picture"-type format, but instead remain in their native format to constitute a valid production.

5.      "COMMUNICATION" means the act or fact of communicating between or among any persons, including, but not limited to, in-person conversations, telephone conversations, emails, text messaging, letters, memoranda, notes, flyers, messages, summaries, photographs, audiotapes, videotapes, or other materials or memorials of communication, meetings or occasions of joint or mutual presence, as well as transfer of any document or writing from one person to another. It also includes the transmittal or receipt of any "carbon copy" or "cc" or "blind carbon copy" or "bcc" of any Document.

6.      "PERSON" means a natural person, firm, association, organization, partnership, business trust, corporation or public entity. The masculine form as used herein, if applicable, applies also to a female person or corporation.

7.      "REFER" or "RELATE" "RELATED TO" shall mean and refer to constituting, evidencing, mentioning, listing, discussing, comprising, embodying, containing, reflecting, memorializing, setting forth, concerning, describing, analyzing, studying, reporting on, commenting on, identifying, stating, considering,

///

1  dealing with, pertaining to, referring to, or involving, in whole or in part, the subject
2  matter referred to in the specific Request or Category.

3      8.    "COMPLAINT" shall mean and refer to the First Amended Complaint
4  filed by Federal in Los Angeles County Superior Court in July 2018 and removed
5  into this court.

6      9.    The term "COUNTERCLAIM" refers to the Answer and Counterclaim
7  filed by Tungsten in this action.

8      10.    "INCIDENT" shall mean and refer to the events and property loss
9  allegedly suffered by Tungsten on or around April 20, 2019 loss of power and
10  resulting damage to the Tungsten sinistering furnace and alleged loss of business
11  income and extra expense for which Tungsten is seeking reimbursement for.

12      11.    In the event that a request calls for You to identify a Document that has
13  been destroyed, discarded, misplaced or is no longer in Your possession, custody, or
14  control, please state:

15          i.    Why You are unable to comply with the specific request, i.e. that
16  the document has been destroyed, has been lost, misplaced, etc.; and

17          ii.    The name and address of any Person that You know or believe to
18  have possession, custody, or control of that item.

19      12.    If You claim that any Document is privileged or otherwise protected
20  from discovery, You shall produce all non-privileged DOCUMENTS responsive to
21  that request, and for all DOCUMENTS that You claim are privileged:

22          i.    Specify the basis for the claim of privilege or protection;

23          ii.    Identify each Person having knowledge of the factual basis, if any,
24  on which the privilege is asserted; and

25          iii.    Specify the nature (e.g. letter, memorandum, etc.) and subject
26  matter of the document alleged to be privileged, identify the author thereof and the
27  author's title/role, the addressee(s) and their respective title(s)/role(s) (including all
28  / / /

1  copy recipients and blind copies), the date, the location of the document, the privilege
2  asserted and the basis therefore.

3      13.    If You object to any deposition topic or document request or any portion
4  of any topic or request for any other reason, please set forth Your objection and
5  explain it fully in Your response. If You object only to a portion of a request, please
6  provide all responsive DOCUMENTS that do not fall within the scope of Your
7  objection.

8      14.    To the extent the requests call for information that is confidential to
9  Tungsten but that has been obtained by Federal or divulged to Federal, these requests
10 shall in no way be construed as an express or implied waiver of confidentiality.
11 Rather, Tungsten expects and demands that Federal shall maintain the confidentiality
12 of the information by taking all appropriate measures including, but not limited to,
13 stipulating to a protective order that will maintain the confidentiality of that
14 information with respect to third parties.

15 **<u>FRCP 30(b)(6) Matters of Examination</u>**

16     In accordance with the foregoing definitions and instructions, please designate
17 and produce for deposition one or more officers, directors, or managing agents to
18 testify on YOUR behalf to the following matters of examination:

19     1.    Purchase orders with Tungsten Parts Wyoming ("TPW") from 2018 to
20 the present as it relates to the Hellfire Program R9E.

21     2.    Payments made to TPW from 2018 to the present as it relates to the
22 Hellfire Program R9E.

23     3.    What was ordered/how much of that product was ordered from TPW
24 from 2018 to the present as it relates to the Hellfire Program R9E.

25     4.    Whether TPW lost contract with General Dynamics or if Tungsten was
26 not given future contract with General Dynamics based solely on the lawsuit filed by
27 <u>Federal Insurance Company v. Tungsten Heavy Powder & Parts, Inc.</u>, USDC –
28 Southern District, case number 21-cv-1197 W MDD from 2018 to the present.

5.      Whether General Dynamics extended the time for which TPW was to perform/deliver the parts it was selling to General Dynamics under its contracts with General Dynamics from 2018 to the present.

6.      Any insurance claims General Dynamics made as a result of TPW being unable to timely deliver its products sold to General Dynamics per its contract with General Dynamics from 2018 to the present.

7.      Any costs General Dynamics incurred as a result of TPW being unable to timely deliver its products sold to General Dynamics per its contract with General Dynamics from 2018 to the present.

8.      General Dynamics' business interruption as a result of TPW not delivering the product(s) it was contracted to deliver to General Dynamics.

9.      REPORTS, or related due diligence or RFIs (Request for Information) by General Dynamics related to on-going site audits performed by General Dynamics regarding planned or new equipment or new production processes by TPW that are or were implemented or modified from 2018 to the present.

10.      Required and ongoing site audits (inspections) performed by General Dynamics typically performed when any new equipment or new production processes are implemented or modified, aka First Article Inspection Details from 2018 to the present.

11.      Audit REPORTS conducted at TPW related to the manufacturing process, production numbers and quality control programs, including but not limited to First Article Inspection ("FAI") REPORTS and ongoing site audits from 2018 to the present as it relates to the Hellfire Program R9E.

12.      REPORTS, DOCUMENTS or PRINTOUTS as by the General Dynamics audit and compliance team to establish that Tungsten was compliant with all US government requirements and regulations from 2018 to the present.

/ / /

/ / /

13.    REPORTS, DOCUMENTS or PRINTOUTS from any source that undermined and/or damaged Tungsten's reputation to General Dynamics from 2018 to the present.

14.    General Dynamics' internal investigative REPORTS of TPW based on any anonymous source or sources in 2019 to 2020 that resulted in investigations of questionable production practices and noncompliance origin of raw material from 2018 to the present.

15.    Information or documentation supplied by TPW regarding its manufacturing capacity, rate(s), processes, or related measures or quantities as concerning its manufacture of product(s) for General Dynamics from 2018 to the present.

**NOTICE IS FURTHER GIVEN**, under Federal Rule of Civil Procedure 30 & 34, that the deponent, General Dynamics, shall produce the following described DOCUMENTS or things for inspection and copying by Federal, which production shall take place at the deposition.

**Exhibit B**

**DOCUMENTS TO BE PRODUCED**

In accordance with the foregoing definitions and instructions, please produce for inspection, testing, copying, and/or sampling all DOCUMENTS, REPORTS, or PRINTOUTS in YOUR possession, custody or control, or in the possession, custody or control of YOUR agents, attorneys, adjusters, employees, representatives, and other persons or entities acting on YOUR behalf responsive to the following Requests for Production:

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

All REPORTS or PRINTOUTS of purchase orders with Tungsten Parts Wyoming ("TPW") from January 1, 2018 through present.

**REQUEST NO. 2:**

All REPORTS, DOCUMENTS or PRINTOUTS as to payments made to TPW from January 1, 2018 through present.

**REQUEST NO. 3:**

All REPORTS or PRINTOUTS as to what was ordered/how much of that product was ordered from TPW from January 1, 2018 through present

**REQUEST NO. 4:**

All REPORTS, PRINTOUTS, or any other DOCUMENTS reflecting contracts lost or not given to TPW as a result of the lawsuit filed by Federal Insurance Company v. Tungsten Heavy Powder & Parts, Inc., USDC – Southern District, case number 21-cv-1197 W MDD from January 1, 2018 through present

**REQUEST NO. 5:**

All REPORTS, PRINTOUTS, or any other DOCUMENTS that reflect General Dynamics extending the time for which TPW was to perform/deliver the parts it was selling to General Dynamics under its contracts with General Dynamics from January 1, 2018 through present.

**REQUEST NO. 6:**

Any insurance claims General Dynamics made as a result of TPW being unable to timely deliver its products sold to General Dynamics per its contract with General Dynamics from January 1, 2018 through present.

**REQUEST NO. 7:**

Any costs General Dynamics incurred as a result of TPW being unable to timely deliver its products sold to General Dynamics per its contract with General Dynamics from January 1, 2018 through present

**REQUEST NO. 8:**

All REPORTS, PRINTOUTS, or any other DOCUMENTS that reflect General Dynamics' business interruption as a result of TPW not delivering the products it was contracted to deliver to General Dynamics from January 1, 2018 through present

**REQUEST NO. 9:**

All REPORTS, or related due diligence or RFIs (Request for Information) by General Dynamics related to on-going site audits performed by General Dynamics regarding planned or new equipment or new production processes by TPW that are or were implemented or modified from January 1, 2018 through present.

**REQUEST NO. 10:**

All REPORTS, DOCUMENTS or PRINTOUTS as to required and ongoing site audits (inspections) performed by General Dynamics typically performed and/or performed at TPW when any new equipment or new production processes are implemented or modified, aka First Article Inspection Details from January 1, 2018 through present.

**REQUEST NO. 11:**

All audit REPORTS conducted at TPW related to the manufacturing process, production numbers and quality control programs, including but not limited to First Article Inspection ("FAI") REPORTS and ongoing site audits.

/ / /

**REQUEST NO. 12:**

All REPORTS, DOCUMENTS or PRINTOUTS as by the General Dynamics audit and compliance team to establish that TPW was compliant with all US government requirements and regulations from January 1, 2018 through present.

**REQUEST NO. 13:**

All information or documentation supplied by TPW regarding its manufacturing capacity, rate(s), processes, or related measures or quantities as concerning its manufacture of product(s) for General Dynamics from January 1, 2018 through present.

**REQUEST NO. 14:**

All REPORTS, DOCUMENTS or PRINTOUTS from any source that undermined and/or damaged TPW's reputation to General Dynamics from January 1, 2018 through present.

**REQUEST NO. 15:**

All internal investigative REPORTS of TPW based on any anonymous source or sources in 2019 to 2020 that resulted in investigations of questionable production practices and noncompliance origin of raw material from January 1, 2018 through present.

**PROOF OF SERVICE**

**Federal Insurance Company vs. Tungsten Heavy Powder & Parts, Inc.**
**21-cv-1197 W MDD**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 South Grand Avenue, Ninth Floor, Los Angeles, CA 90017-4613.

     On April 22, 2022, I served true copies of the following document(s) described as **PLAINTIFF AND COUNTER DEFENDANT, FEDERAL INSURANCE COMPANY'S AMENDED NOTICE OF DEPOSITION OF PERSON(S) MOST QUALIFIED OF GENERAL DYNAMICS ORDNANCE AND TACTICAL SYSTEMS** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Pursuant to California Rules of Court 2.251(b), (c) and/or California Code of Civil Procedure §1010.6(e), I caused a copy of the above-referenced document(s) to be sent via electronic transmission from the e-mail address of mcalvarado@murchisonlaw.com to the interested parties at the e-mail address(es) as stated below. No error was reported.

**BY ELECTRONIC TRANSMISSION ONLY:** ONLY BY ELECTRONIC TRANSMISSION. Only by e-mailing the document(s) to the persons at the e-mail address(es) listed based on notice provided, that during the Coronavirus (Covid-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

     Executed on April 22, 2022, at Los Angeles, California.

_____
Maria C. Alvarado

Case No. 21-cv-1197-W-MDD

1

2

**SERVICE LIST**
**Federal Insurance Company vs. Tungsten Heavy Powder & Parts, Inc.**
**21-cv-1197 W MDD**

3

Marc D. Halpern, Esq.
Ryan D. White, Esq.

4

Halpern May Ybarra Gelberg LLP
550 S. Hope Street, Suite 2330

5

Los Angeles, CA 90071
Telephone: 213-402-1900

6

Facsimile: 213-402-1911
E-Mail: marc.halpern@halpernmay.com

7

E-Mail: ryan.white@halpernmay.com
E-Mail: heather.mayer@halpernmay.com

8

E-Mail: helena.gaeta@halpernmay.com

Attorneys for Defendants and Cross-Claimants Tungsten Heavy Powder & Parts, Inc. and Tungsten Parts Wyoming, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 21-cv-1197-W-MDD

EXHIBIT B

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | | FOR COURT USE ONLY |
|---|---|---|
| Jean M. Daly,Esq \| SBN : Bar No.159129<br>MURCHISON & CUMMING LLP - LA<br>801 South Grand Avenue 9th Floor   Los Angeles, CA 90017<br><br>TELEPHONE NO.: (213) 623-7400 \| FAX NO. \| E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff and Counter Defendant: FEDERAL INSURANCE COMPANY | | |

| USDC/SOUTHERN DISTRICT OF CALIFORNIA | |
|---|---|
| STREET ADDRESS: 221 W. BROADWAY | |
| CITY AND ZIP CODE: SAN DIEGO, CA 92101-8900 | |
| BRANCH NAME: SOUTHERN DISTRICT OF CALIFORNIA | |

| PLAINTIFF/PETITIONER: FEDERAL INSURANCE COMPANY<br>DEFENDANT/RESPONDENT: TUNGSTEN HEAVY POWDER & PARTS, INC. and TUNGSTEN<br>PARTS WYOMING, INC. | CASE NUMBER:<br>21-cv-1197-W-MDD |
|---|---|

| PROOF OF SERVICE | Hearing Date:<br>5/2/2022 | Day | Hearing Time:<br>10:00 AM | Dept: | Ref. No. or File No.:<br>47646 |
|---|---|---|---|---|---|

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
**I SERVED COPIES** OF THE FOLLOWING DOCUMENTS:

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION; PLAINTIFF AND COUNTERDEFENDANT, FEDERAL INSURANCE COMPANY' NOTICE OF DEPOSITION OF PERSON(S) MOST QUALIFIED OF GENERAL DYNAMICS FOR THE HELLFIRE R9E PROGRAM**

|   |   |
|---|---|
| PARTY SERVED: | **GENERAL DYNAMICS (HELLFIRE R9E PROGRAM)** |
| PERSON SERVED: | **Teresa Brown - Authorized Agent** |
| DATE & TIME: | **4/11/2022<br>2:55 PM** |
| ADDRESS: | **4701 Cox Rd., Ste 285<br>Glen Allen, VA 23060-6808** |

| PHYSICAL DESCRIPTION: | **Age: 50** | **Weight: 180** | Hair: Black |
|---|---|---|---|
| | **Sex: Female** | **Height: 5'6"** | Eyes: Brown |
| | **Skin: African American** | Marks: | |

MANNER OF SERVICE:
**Personal Service - By personally delivering copies.**

Fee for Service: **$ 310.00**
County: **Maryland, Virginia, Washington D.C.**
Registration No.:
**Nationwide Legal, LLC Reg: 12-234648**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**
**(213) 249-9999**
**Ref: 47646**

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **April 11, 2022**.

Signature: _Jody Ashworth_
Jody Ashworth

**PROOF OF SERVICE**

a)(23)[New July 1, 1987]                                                                                         Order#: LA260680/General

# EXHIBIT C

confidential and/or legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of said information is strictly prohibited. If you have received this communication by error, please delete it from your computer and notify us immediately.
>>
>> -----Original Message-----
>> From: Lissa Laffey
>> Sent: Friday, April 22, 2022 3:26 PM
>> To: 'Warren, Previn' <PWarren@jenner.com>
>> Cc: Maria C. Alvarado <mcalvarado@murchisonlaw.com>
>> Subject: RE: Federal v Tungsten
>>
>> Dear Previn,
>>
>> Attached please find the Amended Deposition Subpoena you graciously agreed to accept service of via email for General Dynamics Ordnance and Tactical Systems.
>>
>> Lissa
>>
>> Lissa Laffey
>> Attorney at Law
>> llaffey@murchisonlaw.com
>>
>> (213) 630-1025 Phone
>> 213.623.6336 Fax
>>
>> 801 S. Grand Avenue
>> Los Angeles
>> California 90017
>> https://viz.me/llaffey/t/7
>> http://www.murchisonlaw.com
>>
>>
>>
>> CONFIDENTIALITY NOTE: This communication contains information belonging to Murchison & Cumming LLP which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of said information is strictly prohibited. If you have received this communication by error, please delete it from your computer and notify us immediately.
>>
>> -----Original Message-----
>> From: Warren, Previn <PWarren@jenner.com>
>> Sent: Friday, April 22, 2022 1:39 PM
>> To: Lissa Laffey <llaffey@murchisonlaw.com>
>> Subject: RE: Federal v Tungsten
>>
>> _____
>>
>> [EXTERNAL EMAIL]
>> _____
>>
>> Yes - thank you. General Dynamics Ordnance and Tactical Systems.
>>
>>
>>
>>
_____

>> Previn  Warren
>>
>> Jenner & Block LLP
>> 1099 New York Avenue, N.W.
>> Suite 900, Washington, DC 20001-4412 | jenner.com
>> +1 202 637 6361  |  TEL
>> +1 202 424 9424  |  MOBILE
>> +1 202 661 4961  |  FAX
>> Pronouns: He / Him

EXHIBIT D

| From: | Lissa Laffey |
|---|---|
| To: | Patrick Bollig |
| Subject: | FW: Federal v Tungsten |
| Date: | Thursday, May 26, 2022 10:00:06 AM |

** External Email **

This email originated from outside of our organization. Do not click any links or open any attachments unless you recognize the sender and know the content is safe.

Lissa Laffey
Attorney at Law
llaffey@murchisonlaw.com

(213) 630-1025 Phone
213.623.6336 Fax

801 S. Grand Avenue
Los Angeles
California 90017
https://viz.me/llaffey/t/7
www.murchisonlaw.com

CONFIDENTIALITY NOTE: This communication contains information belonging to Murchison & Cumming LLP which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of said information is strictly prohibited. If you have received this communication by error, please delete it from your computer and notify us immediately.

-----Original Message-----
From: Warren, Previn <PWarren@jenner.com>
Sent: Thursday, May 5, 2022 9:06 AM
To: Lissa Laffey <llaffey@murchisonlaw.com>
Cc: Jean M. Daly <jdaly@murchisonlaw.com>
Subject: Re: Federal v Tungsten

_____

[EXTERNAL EMAIL]
_____

I don't think that process is going to work given that the return date is next week. You've already explained what you are looking for out of a declaration and I've already agreed to provide that. And I've also been open that we will be producing a large volume of documents. That should be more than sufficient for you to agree to withdraw the deposition request.

Sent from my iPhone

> On May 5, 2022, at 11:46 AM, Lissa Laffey <llaffey@murchisonlaw.com> wrote:
>
> External Email - Do Not Click Links or Attachments Unless You Know They Are Safe
>
> Good morning Previn,
>
> Once all of the issues are hashed out and your Declarant and my client agree to a Declaration,  as well as the documents to be produced, we will agree to take the deposition off.  Thanks.
>
> Lissa
>
> Lissa Laffey
> Attorney at Law
> llaffey@murchisonlaw.com
>

> (213) 630-1025 Phone
> 213.623.6336 Fax
>
> 801 S. Grand Avenue
> Los Angeles
> California 90017
> https://viz.me/llaffey/t/7
> http://www.murchisonlaw.com
>
>
>
> CONFIDENTIALITY NOTE: This communication contains information belonging to Murchison & Cumming LLP which is
confidential and/or legally privileged. The information is intended only for the use of the individual or entity named above. If you are not
the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the
contents of said information is strictly prohibited. If you have received this communication by error, please delete it from your computer
and notify us immediately.
> -----Original Message-----
> From: Warren, Previn <PWarren@jenner.com>
> Sent: Thursday, May 5, 2022 4:54 AM
> To: Lissa Laffey <llaffey@murchisonlaw.com>
> Cc: Maria C. Alvarado <mcalvarado@murchisonlaw.com>; Jean M. Daly <jdaly@murchisonlaw.com>
> Subject: Re: Federal v Tungsten
>
> _____
>
> [EXTERNAL EMAIL]
> _____
>
> Lissa,
>
> We can provide a declaration along the lines of what you and I discussed.  If we agree to do so, do we have your agreement that you
will waive the deposition request?
>
> Thanks,
> Previn
>
>
> Sent from my iPhone
>
>> On Apr 27, 2022, at 12:28 PM, Lissa Laffey <llaffey@murchisonlaw.com> wrote:
>>
>> External Email – Do Not Click Links or Attachments Unless You Know They Are Safe
>>
>> Hi Previn,
>>
>> This will follow up to my voicemail I left you this morning.  Please call me so we can discuss the deposition subpoena .  310-487-
2624.
>>
>> Thank you,
>>
>> Lissa
>>
>> Lissa Laffey
>> Attorney at Law
>> llaffey@murchisonlaw.com
>>
>> (213) 630-1025 Phone
>> 213.623.6336 Fax
>>
>> 801 S. Grand Avenue
>> Los Angeles
>> California 90017
>> https://viz.me/llaffey/t/7
>> http://www.murchisonlaw.com
>>
>>
>>

>> CONFIDENTIALITY NOTE: This communication contains information belonging to Murchison & Cumming LLP which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of said information is strictly prohibited. If you have received this communication by error, please delete it from your computer and notify us immediately.
>>
>> -----Original Message-----
>> From: Lissa Laffey
>> Sent: Friday, April 22, 2022 3:26 PM
>> To: 'Warren, Previn' <PWarren@jenner.com>
>> Cc: Maria C. Alvarado <mcalvarado@murchisonlaw.com>
>> Subject: RE: Federal v Tungsten
>>
>> Dear Previn,
>>
>> Attached please find the Amended Deposition Subpoena you graciously agreed to accept service of via email for General Dynamics Ordnance and Tactical Systems.
>>
>> Lissa
>>
>> Lissa Laffey
>> Attorney at Law
>> llaffey@murchisonlaw.com
>>
>> (213) 630-1025 Phone
>> 213.623.6336 Fax
>>
>> 801 S. Grand Avenue
>> Los Angeles
>> California 90017
>> https://viz.me/llaffey/t/7
>> http://www.murchisonlaw.com
>>
>>
>>
>> CONFIDENTIALITY NOTE: This communication contains information belonging to Murchison & Cumming LLP which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of said information is strictly prohibited. If you have received this communication by error, please delete it from your computer and notify us immediately.
>>
>> -----Original Message-----
>> From: Warren, Previn <PWarren@jenner.com>
>> Sent: Friday, April 22, 2022 1:39 PM
>> To: Lissa Laffey <llaffey@murchisonlaw.com>
>> Subject: RE: Federal v Tungsten
>>
>> _____
>>
>> [EXTERNAL EMAIL]
>> _____
>>
>> Yes - thank you. General Dynamics Ordnance and Tactical Systems.
>>
>>
>>
>>
>>
_____

>> Previn  Warren
>>
>> Jenner & Block LLP
>> 1099 New York Avenue, N.W.
>> Suite 900, Washington, DC 20001-4412 | jenner.com
>> +1 202 637 6361 | TEL
>> +1 202 424 9424 | MOBILE
>> +1 202 661 4961 | FAX

>> Pronouns: He / Him
>> PWarren@jenner.com
>>
>> CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the
intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this
email in error, please notify the sender immediately and delete it from your system.
>>

---

>> -----Original Message-----
>> From: Lissa Laffey <llaffey@murchisonlaw.com>
>> Sent: Friday, April 22, 2022 4:20 PM
>> To: Warren, Previn <PWarren@jenner.com>
>> Subject: Federal v Tungsten
>>
>> External Email – Do Not Click Links or Attachments Unless You Know They Are Safe
>>
>> Hi Previn,
>>
>> It was a pleasure speaking with you yesterday. Thank you for accepting service of the amended notice to General Dynamics.
However, since I  am working from home, it appears I have lost my notes when we talked and I am sure they are here somewhere, but
figured it would be easier to just ask you who the deposition subpoena is made specifically out to.
>>
>> Can you please advise me of that again. Thank you.
>>
>> Lissa
>>
>> Lissa Laffey
>> Attorney at Law
>> llaffey@murchisonlaw.com
>>
>> (213) 630-1025 Phone
>> 213.623.6336 Fax
>>
>> 801 S. Grand Avenue
>> Los Angeles
>> California 90017
>> https://viz.me/llaffey/t/7
>> http://www.murchisonlaw.com
>>
>>
>>
>> CONFIDENTIALITY NOTE: This communication contains information belonging to Murchison & Cumming LLP which is
confidential and/or legally privileged. The information is intended only for the use of the individual or entity named above. If you are not
the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the
contents of said information is strictly prohibited. If you have received this communication by error, please delete it from your computer
and notify us immediately.
>>

# EXHIBIT E

1099 NEW YORK AVENUE, NW SUITE 900 WASHINGTON, DC 20001-4412

# JENNER&BLOCK LLP

May 6, 2022

Previn Warren
Tel  +1 202 637 6361
Fax +1 202 661 4961
PWarren@jenner.com

Via EMAIL and OVERNIGHT DELIVERY

Lissa Laffey
Murchison & Cumming LLP
801 S. Grand Avenue
Los Angeles, California 90017

Re:    *Federal Insurance Company v. Tungsten Heavy Powder & Parts, Inc. and Tungsten Parts Wyoming, Inc,*, 21-cv-1197-W-MDD

Dear Ms. Laffey:

As you know, I represent General Dynamics Ordnance and Tactical Systems ("GD-OTS") with regard to the Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena") served by your client Federal Insurance Company ("Chubb") in the above referenced matter. This letter is to be construed as GD-OTS's formal objections pursuant to Fed. R. Civ. P. 45(d)(2)(B).

***Objections to the Deposition Subpoena.*** The Subpoena was served on GD-OTS on April 22, 2022 and required compliance 20 days later on May 12, 2022. That is 20 days for preparation of a 30(b)(6) witness on a very broad range of topics. As would be reasonable given the quick turnaround, during multiple meet and confers, you indicated that you would waive compliance with the deposition if GD-OTS provided a declaration from a witness familiar with the identified topics. Specifically, on a call earlier this week, you indicated that a declaration would be sufficient provided it accomplished the following: (a) authenticated various categories of documents in GD-OTS's possession, such as purchase orders and reports of payments; (b) explained in broad terms whether and to what extent Tungsten Heavy Powder & Parts ("THPP") had informed GD-OTS of delays in its production process and/or requested schedule changes or extensions; and (c) explained in broad terms whether and to what extent GD-OTS had stopped placing orders, or terminated its business, with THPP on account of any delays.

After agreeing to this procedure, you changed course. Yesterday, you indicated that Chubb was unwilling to withdraw its deposition request until first seeing a draft of GD-OTS's declaration and helping itself to an opportunity to edit and comment on that draft, potentially over the course of multiple rounds. That is a remarkable and wholly improper request to influence third-party testimony. In essence, Chubb is attempting to interfere with the testimony of a witness by leveraging a harassing and overbroad deposition subpoena. Suffice it to say that GD-OTS will under no circumstances be providing Chubb with an advance copy of its

May 6, 2022
Page 2

witness's written testimony, nor is GD-OTS amenable to taking edits or suggestions from your client as to what our witness will say or how he or she chooses to say it.

As a consequence of the foregoing, GD-OTS has effectively only been put on notice of Chubb's insistence on moving forward with the deposition as of yesterday, May 5, 2022. That is one week before the deposition date. GD-OTS will not be sitting for the aforementioned deposition, which is improper and violative of Rule 45 in multiple requests.

First, a third party served with a subpoena must be given "reasonable time to comply." Fed. R. Civ. P. 45(3)(A)(i). Allowing only 20 days between service of the Subpoena and the deposition date is an unreasonable amount of time for compliance, and a mere seven days is certainly over the line, as numerous cases make clear. *See, e.g., Arminak v. Arminak & Associates, LLC*, CV 16-3382 JAK (SSX), 2017 WL 10403032, at *3 (C.D. Cal. May 23, 2017) (finding that most courts require at least ten days' notice to be considered reasonable time to comply); *AngioScore, Inc. v. TriReme Med., Inc.*, 2014 WL 6706898, at *1 n.1 (N.D. Cal. Nov. 25, 2014) (nine days' notice unreasonable); *In Re: Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005) (ten days' notice unreasonable in a complex case). Inadequate notice does not become "reasonable" just because the discovery period is coming to a close and counsel is running out of time—as is apparently the case here. *Arminak*, 2017 WL 10403032, at *4.

Second, the Subpoena purports to cover deposition topics that are overbroad, seek information that is not relevant, and place an undue burden on GD-OTS to collect information from various sources within its company. Fed. R. Civ. P. 45(d)(3)(A)(iv). For example, the Subpoena purports to demand testimony concerning all "documents" (including such categories as notes, diaries, messages, audio recordings, and more) that "undermined and/or damaged Tungsten's reputation to General Dynamics from 2018 to the present." Topic No. 13. That topic is both vague and grossly overbroad and it is not clear how a corporate representative at OTS could reasonably find and familiarize himself or herself with the identified material. "Non-parties have a different set of expectations" than parties to a litigation. *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). GD-OTS is a "stranger[] to the … litigation" and "ha[s] no dog if that fight." *Id.* "Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Id.*

Third, the subpoena improperly commands compliance outside of the 100-mile radius. Fed. R. Civ. P. 45(c)(1)(A). The subpoena was issued by the United States District Court for the Southern District of California. GD-OTS is headquartered in St. Petersburg, Florida—over 2,400 miles away. Remarkably, the Subpoena insists on a "remote" option "[b]ecause the office of Murchison & Cumming, LLP is not open to the public on the scheduled date due to the Covid-19 pandemic." But GD-OTS would be under no obligation to appear at a deposition at the offices of Murchison & Cumming, LLP, which are exclusively located in California and Nevada. Providing a "remote" option does not obviate the federal rules' 100-mile requirement. GD-OTS has not agreed to a remote deposition and is unaware of any case law suggesting that this requirement can be avoided simply because counsel does not want to travel and is willing to use videoconferencing technology. *See Singh v. Vanderbilt Univ. Med. Ctr.*, No. 3:17-CV-00400, 2021 WL

May 6, 2022
Page 3

3710442, at *4 (M.D. Tenn. Aug. 19, 2021) (refusing to issue subpoena compelling witness to appear by videoconference).

GD-OTS will not be producing a witness to testify. GD-OTS remains willing to produce documents and a declaration on May 12, 2022, provided Chubb formally withdraws its deposition request and withdraws any request to obtain a "sneak peek" of the materials to be produced.  Absent withdrawal of the deposition request, GD-OTS will not be providing a declaration, and will produce any documents responsive to the subpoena (subject to GD-OTS's objections) on May 16, 2022 but no earlier.

***Responses and Objections to the Document Requests.***

**General Responses and Objections**

1.   GD-OTS objects to the Subpoena, including the Definitions and Instructions and each specific Request therein, to the extent it purports to impose on GD-OTS obligations beyond, or otherwise inconsistent with, those established by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, the Court's individual rules, any Order of this Court, or any other applicable law or rule

2.   GD-OTS objects to the Subpoena, including the Definitions and Instructions and each specific Request therein, to the extent it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks disclosure of material that is not relevant and necessary in pursuing any claim Federal Insurance Company has against Defendants Tungsten Heavy Powder & Parts, Inc. and Tungsten Parts Wyoming, Inc., nor reasonably calculated to lead to the discovery of admissible evidence with respect to such information.

3.   GD-OTS objects to the Subpoena, including the Definitions and Instructions and each specific Request therein, to the extent it purports to require production of documents that are subject to any privilege, immunity, or obligation of confidentiality, including, without limitation, the attorney-client privilege and the attorney work product doctrine. GD-OTS also objects to the Subpoena to the extent the identification and/or production of the documents would require GD-OTS to contravene any state, federal, or foreign law.

4.   Any inadvertent disclosure of any privileged information to Chubb shall not be deemed or construed to constitute a waiver of any privilege, any other doctrine against disclosure, or GD-OTS's right to object to the use of any document inadvertently disclosed. GD-OTS reserves the right to demand that Chubb return to it any document inadvertently produced. GD-OTS has not previously waived any applicable privilege and specifically states that it does not intend to do so through the production of any documents in response to the Subpoena. The review and production of documents in response to the Subpoena will be conducted by counsel or attorneys supervised by counsel, and thus any production of privileged documents would be inadvertent as to GD-OTS itself.

5.   GD-OTS objects to the Subpoena, including the Definitions and Instructions and each specific Request therein, to the extent it purports to impose an obligation to preserve and/or produce any documents that are newly created or received after the receipt of the Subpoena or before or after the relevant period, because efforts to preserve and/or produce such documents would impose an undue burden and unreasonable expense.

3

May 6, 2022
Page 4

6.  GD-OTS objects to the Subpoena, including the Definitions and Instructions and each specific Request therein, to the extent it seeks the production of electronically stored documents in their native form. Production of documents, including electronically stored information, in native form prevents GD-OTS from adequately labeling and controlling its productions. If and when GD-OTS produces documents, it will produce such documents in a reasonably useable form within the meaning of the Federal Rules of Civil Procedure.

7.  GD-OTS objects to the Subpoena, including the Definitions and Instructions and each specific Request therein, to the extent it purports to require GD-OTS to create or generate documents that do not currently exist.

8.  GD-OTS's responses are based on its current knowledge. Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the responses herein. GD-OTS expressly disclaims any obligation to supplement its responses and, without in any way obligating itself to do so, reserves the right to supplement, amend, correct, clarify, or modify the responses as further information becomes available as it sees fit. GD-OTS also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses and objections as a result of mistake, error, oversight, or inadvertence.

9.  GD-OTS does not concede that any Request seeks information that is relevant to a claim or defense, nor that it seeks information that is reasonably calculated to lead to the discovery of admissible evidence. GD-OTS expressly reserves all further objections as to the relevance and admissibility of any information provided, as well as the right to object to further discovery relating to the subject matter of any information provided.

10. GD-OTS objects to the Subpoena as not proportional to the needs of the case insofar as the burden or expense of the requested discovery outweighs its likely benefit, taking into account, for example, the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

11. GD-OTS objects to the definition of "You" as overbroad and unduly burdensome to the extent it purports to cover the entirety of General Dynamics.

12. GD-OTS objects to the definition of "Document" as overbroad and unduly burdensome to the extent it purports to cover all "correspondence, papers, agreements, proposals, contracts, billings, REPORTS, exhibits, memoranda, notes, diaries, inter-office and/or intra-office corporate communications, email or other electronic communication, messages, telegrams, telex communications, letters, ledgers, photographs, pictures, drawings, sketches, analytical data, data sheets, video tapes, publications, catalog sheets or addenda, instructions, brochures, pamphlets, recordings (tape, disk, belt or any other type), invoices, work assignments, work records, worksheets, devices and any other writings, printed and/or typewritten matter, including drafts, or other physical objects." This definition purports to require, for example, GD-OTS to search the voicemail records and personal notes of any employee. Such a request is overbroad and unduly burdensome, especially as it is directed to a non-party.

13. GD-OTS objects to the definition of "Communication" as overbroad and unduly burdensome to the extent it purports to cover "in-person conversations, telephone conversations, emails, text messaging, letters, memoranda, notes, flyers, messages, summaries, photographs, audiotapes, videotapes, or other materials or memorials of communication, meetings or occasions of joint or mutual presence, as well as transfer of any document or writing from one person to another." This definition purports to require, for

May 6, 2022
Page 5

example, GD-OTS to search voicemail and other phone records of employees. Such a request is overbroad and unduly burdensome, especially as it is directed to a non-party.

14. GD-OTS objects to Instructions 11 and 12 as unduly burdensome to the extent they purport to require GD-OTS to generate work product for Chubb. Moreover, for documents no longer in GD-OTS's possession, custody, or control, such information is likely not available or would require a retrieval effort that substantially outweighs any relevance the information might have to this litigation.

15. GD-OTS's General Objections apply to each and every specific Request and are incorporated by reference in each of the responses and objections set forth below, which are made without waiver of, and subject to, these General Objections.

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST NO. 1:** All REPORTS or PRINTOUTS of purchase orders with Tungsten Parts Wyoming ("TPW") from January 1, 2018 through present.

**RESPONSE NO. 1:** GD-OTS incorporates its General Objections by reference. Subject to and without waiver of the foregoing objections, GD-OTS will produce in response to this Request non-privileged documents in its possession, custody, or control, if any, that reflect purchase orders with TPW from January 1, 2018 through present located after a reasonable search.

**REQUEST NO. 2:** All REPORTS, DOCUMENTS or PRINTOUTS as to payments made to TPW from January 1, 2018 through present.

**RESPONSE NO. 2:** GD-OTS incorporates its General Objections by reference. Subject to and without waiver of the foregoing objections, GD-OTS will produce in response to this Request non-privileged documents in its possession, custody, or control, if any, that reflect purchase orders and invoices with TPW from January 1, 2018 through present located after a reasonable search.

**REQUEST NO. 3:** All REPORTS or PRINTOUTS as to what was ordered/how much of that product was ordered from TPW from January 1, 2018 through present.

**RESPONSE NO. 3:** GD-OTS incorporates its General Objections by reference. Subject to and without waiver of the foregoing objections, GD-OTS will produce in response to this Request non-privileged documents in its possession, custody, or control, if any, that reflect purchase orders with TPW from January 1, 2018 through present located after a reasonable search.

**REQUEST NO. 4:** All REPORTS, PRINTOUTS, or any other DOCUMENTS reflecting contracts lost or not given to TPW as a result of the lawsuit filed by Federal Insurance Company v. Tungsten Heavy Powder & Parts, Inc., USDC – Southern District, case number 21-cv-1197 W MDD from January 1, 2018 through present.

**RESPONSE NO. 4:** GD-OTS incorporates its General Objections by reference. GD-OTS does not possess any documents responsive to Request No. 4.

May 6, 2022
Page 6

**REQUEST NO. 5:** All REPORTS, PRINTOUTS, or any other DOCUMENTS that reflect General Dynamics extending the time for which TPW was to perform/deliver the parts it was selling to General Dynamics under its contracts with General Dynamics from January 1, 2018 through present.

**RESPONSE NO. 5:** GD-OTS incorporates its General Objections by reference. GD-OTS objects to Request No. 5 as vague, ambiguous, overbroad, and unduly burdensome to the extent that it purports to require GD-OTS to review all documents in its possession to determine which at all relate to GD-OTS extending the time for which TPW was to perform under GD-OTS contracts. Subject to and without waiver of the foregoing objections, GD-OTS will produce in response to this Request non-privileged documents in its possession, custody, or control, if any, that reflect concerns GD-OTS had with TPW's performance located after a reasonable search.

**REQUEST NO. 6:** Any insurance claims General Dynamics made as a result of TPW being unable to timely deliver its products sold to General Dynamics per its contract with General Dynamics from January 1, 2018 through present.

**RESPONSE NO. 6:** GD-OTS incorporates its General Objections by reference. GD-OTS does not possess any documents responsive to Request No. 6.

**REQUEST NO. 7:** Any costs General Dynamics incurred as a result of TPW being unable to timely deliver its products sold to General Dynamics per its contract with General Dynamics from January 1, 2018 through present

**RESPONSE NO. 7:** GD-OTS incorporates its General Objections by reference. GD-OTS objects to Request No. 7 as vague, ambiguous, overbroad, and unduly burdensome to the extent it requires GD-OTS to review all documents in its possession to determine which at all relate or connect to costs GD-OTS incurred due to TPW's delay. GD-OTS objects to the use of "costs" in Request No. 7 as vague, ambiguous, and unduly burdensome. Subject to and without waiver of the foregoing objections, GD-OTS will produce in response to this Request non-privileged documents in its possession, custody, or control, if any, that reflect concerns GD-OTS had with TPW's performance located after a reasonable search.

**REQUEST NO. 8:** All REPORTS, PRINTOUTS, or any other DOCUMENTS that reflect General Dynamics' business interruption as a result of TPW not delivering the products it was contracted to deliver to General Dynamics from January 1, 2018 through present

**RESPONSE NO. 8:** GD-OTS incorporates its General Objections by reference. GD-OTS objects to Request No. 8 as vague, ambiguous, overbroad, and unduly burdensome to the extent it requires GD-OTS to review all documents in its possession to determine which at all relate or connect to GD-OTS's business interruption due to TPW's delay. GD-OTS objects to the use of "business interruption" as vague, ambiguous, and unduly burdensome. Subject to and without waiver of the foregoing objections, GD-OTS will produce in response to this Request non-privileged documents in its possession, custody, or control, if any, that reflect concerns GD-OTS had with TPW's performance located after a reasonable search.

May 6, 2022
Page 7

**REQUEST NO. 9:** All REPORTS, or related due diligence or RFIs (Request for Information) by General Dynamics related to on-going site audits performed by General Dynamics regarding planned or new equipment or new production processes by TPW that are or were implemented or modified from January 1, 2018 through present.

**RESPONSE NO. 9:** GD-OTS incorporates its General Objections by reference. GD-OTS objects to Request No. 9 as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to cover all documents related to "on-going site audits" performed by GD-OTS related to new equipment or production processes. GD-OTS objects to the use of "on-going site audits," and "new production processes" as vague, ambiguous, and unduly burdensome. Subject to and without waiver of the foregoing objections, GD-OTS will produce in response to this Request non-privileged documents in its possession, custody, or control, if any, that reflect TPW audit reports from January 1, 2018 through present located after a reasonable search.

**REQUEST NO. 10:** All REPORTS, DOCUMENTS or PRINTOUTS as to required and ongoing site audits (inspections) performed by General Dynamics typically performed and/or performed at TPW when any new equipment or new production processes are implemented or modified, aka First Article Inspection Details from January 1, 2018 through present.

**RESPONSE NO. 10:** GD-OTS incorporates its General Objections by reference. GD-OTS objects to Request No. 10 as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to require GD-OTS to review all documents in its possession to determine which at all relate "to required and ongoing site audits (inspections)." GD-OTS objects to the use of "performed by General Dynamics typically performed and/or performed at TPW" as ambiguous and unduly burdensome. Subject to and without waiver of the foregoing objections, GD-OTS will produce in response to this Request non-privileged documents in its possession, custody, or control, if any, that reflect TPW audit reports from January 1, 2018 through present located after a reasonable search.

**REQUEST NO. 11:** All audit REPORTS conducted at TPW related to the manufacturing process, production numbers and quality control programs, including but not limited to First Article Inspection ("FAI") REPORTS and ongoing site audits.

**RESPONSE NO. 11:** GD-OTS incorporates its General Objections by reference. Subject to and without waiver of the foregoing objections, GD-OTS will produce in response to this Request non-privileged documents in its possession, custody, or control, if any, that reflect TPW audit reports from January 1, 2018 through present located after a reasonable search.

**REQUEST NO. 12:** All REPORTS, DOCUMENTS or PRINTOUTS as by the General Dynamics audit and compliance team to establish that TPW was compliant with all US government requirements and regulations from January 1, 2018 through present.

**RESPONSE NO. 12:** GD-OTS incorporates its General Objections by reference. GD-OTS objects to Request No. 12 as vague, ambiguous, overbroad and unduly burdensome to the extent it requires all

May 6, 2022
Page 8

documents "as by the General Dynamics audit and compliance team." Subject to and without waiver of the foregoing objections, GD-OTS will produce in response to this Request non-privileged documents in its possession, custody, or control, if any, that reflect TPW compliance certifications from January 1, 2018 through present located after a reasonable search.

**REQUEST NO. 13:** All information or documentation supplied by TPW regarding its manufacturing capacity, rate(s), processes, or related measures or quantities as concerning its manufacture of product(s) for General Dynamics from January 1, 2018 through present.

**RESPONSE NO. 13:** GD-OTS incorporates its General Objections by reference. GD-OTS objects to Request No. 13 as vague, ambiguous, overbroad, and unduly burdensome to the extent it requires GD-OTS to review all documents in its possession to determine which at all relate to TPW's "manufacturing capacity, rate(s), processes, or related measures or quantities." This is a grossly overbroad request to make of a non-party. **On the basis of the foregoing objections, GD-OTS will not produce documents responsive to this Request.**

**REQUEST NO. 14:** All REPORTS, DOCUMENTS or PRINTOUTS from any source that undermined and/or damaged TPW's reputation to General Dynamics from January 1, 2018 through present.

**RESPONSE NO. 14:** GD-OTS incorporates its General Objections by reference. GD-OTS objects to Request No. 14 as vague, ambiguous, overbroad, and unduly burdensome to the extent it requires GD-OTS to review all documents in its possession to determine which, if any, "undermined and/or damaged TPW's reputation to General Dynamics." Subject to and without waiver of the foregoing objections, GD-OTS will produce in response to this Request non-privileged documents in its possession, custody, or control, if any, that reflect compliance tips referencing TPW located after a reasonable search.

**REQUEST NO. 15:** All internal investigative REPORTS of TPW based on any anonymous source or sources in 2019 to 2020 that resulted in investigations of questionable production practices and noncompliance origin of raw material from January 1, 2018 through present.

**RESPONSE NO. 15:** GD-OTS incorporates its General Objections by reference. GD-OTS objects to Request No. 15 as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiver of the foregoing objections, GD-OTS will produce in response to this Request non-privileged documents in its possession, custody, or control, if any, that reflect compliance tips referencing TPW located after a reasonable search.

We will await your response and are available to engage in further discussions about limiting the scope of the Subpoena if you would find that to be productive.

May 6, 2022
Page 9

Sincerely,

Previn Warren

CC:
Marc D. Halpern
Heather Lynn Mayer
Ryan White
Halpern May Ybarra Gelberg LLP

# EXHIBIT F

| | |
|---|---|
| From: | Lissa Laffey |
| To: | Patrick Bollig |
| Subject: | FW: Veritext Virtual Invitation | Federal Insurance Company v. Tungsten Heavy Powder, Inc. | 5/12/2022 | 5207855 | PMQ General Dynamics Ordance and Tactical systems |
| Date: | Thursday, May 26, 2022 10:01:48 AM |
| Attachments: | image002.png |
| | image003.png |
| | image001.png |
| | image002.png |
| | image003.png |
| | image001.png |
| | image004.gif |

** External Email **

**This email originated from outside of our organization. Do not click any links or open any attachments unless you recognize the sender and know the content is safe.**

Lissa Laffey
Attorney at Law
llaffey@murchisonlaw.com

(213) 630-1025 Phone
213.623.6336 Fax

801 S. Grand Avenue Ninth Floor
Los Angeles
California 90017
View my vCard
www.murchisonlaw.com

CONFIDENTIALITY NOTE: This communication contains information belonging to Murchison & Cumming LLP which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of said information is strictly prohibited. If you have received this communication by error, please delete it from your computer and notify us immediately.

**From:** Warren, Previn <PWarren@jenner.com>
**Sent:** Wednesday, May 11, 2022 4:20 PM
**To:** Barbara Thomas <bthomas@murchisonlaw.com>
**Cc:** Lissa Laffey <llaffey@murchisonlaw.com>; rendres@londonfischer.com; Jean M. Daly <jdaly@murchisonlaw.com>
**Subject:** Re: Veritext Virtual Invitation | Federal Insurance Company v. Tungsten Heavy Powder, Inc. | 5/12/2022 | 5207855 | PMQ General Dynamics Ordance and Tactical systems

[EXTERNAL EMAIL]

We are not joining. The deposition subpoena is invalid and improper for reasons set forth in my separate letter to Ms. Laffey.

Sent from my iPhone

On May 11, 2022, at 7:02 PM, Barbara Thomas <bthomas@murchisonlaw.com> wrote:

External Email - **Do Not Click** Links or Attachments Unless You Know They Are Safe

Mr. Warren,

Below is the Zoom link for the tomorrow's deposition of the PMQ of General Dynamics.

Thank you.



Barbara Thomas
Legal Assistant
bthomas@murchisonlaw.com

213.623.7400 Phone
2014 ext.
213.623.6336 Fax

801 S. Grand Avenue Ninth Floor
Los Angeles
California 90017

www.murchisonlaw.com

CONFIDENTIALITY NOTE: This communication contains information belonging to Murchison & Cumming LLP which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of said information is strictly prohibited. If you have received this communication by error, please delete it from your computer and notify us immediately.

**From:** calendar-la@veritext.com <calendar-la@veritext.com>
**Sent:** Tuesday, May 10, 2022 10:03 AM
**To:** Maria C. Alvarado <mcalvarado@murchisonlaw.com>
**Subject:** Veritext Virtual Invitation | Federal Insurance Company v. Tungsten Heavy Powder, Inc. | 5/12/2022 | 5207855 | PMQ General Dynamics Ordanance and Tactical systems

[EXTERNAL EMAIL]

Your Assignment #5207855 is Scheduled and the meeting link is available below.

PROCEEDING DETAILS:

• CASE: Federal Insurance Company v. Tungsten Heavy Powder, Inc.
• WITNESS: PMQ General Dynamics Ordanance and Tactical systems
• DATE & TIME: Thursday, May 12 2022 10:00AM (Pacific Time (US & Canada))
• ASSIGNMENT #: 5207855

MEETING LINK:
PLEASE FORWARD THE LINK TO ALL PARTIES THAT WILL PARTICIPATE IN THE SESSION. If you have already provided Veritext with the name and email address of other participants, they will receive this link directly in a separate email from Veritext.

https://proceedings.veritext.com/?token=5d008f874f7ef38877a1c2fc7a9d60c8

Participating via Meeting ID/Password, Video Teleconference or Conference Call:
If you would like to participate via Meeting ID/Password, Video Teleconference or Conference call, click the link above within an hour of the scheduled start time, identify yourself and click Show My Meeting

ID/Password and Additional Session Details. Sharing the meeting link with non-parties or unaffiliated individuals could affect the security of the session.

TECHNICAL SUPPORT:

• FOR TECHNICAL SUPPORT BEFORE OR DURING THE PROCEEDING:

    855-440-4861 | remote@veritext.com

• FOR QUESTIONS REGARDING YOUR UPCOMING VERITEXT VIRTUAL SESSION:

    866-299-5127 | calendar-la@veritext.com

• TEST YOUR EQUIPMENT:

We strongly encourage participants to test the actual equipment and the Internet connection that they will be using in advance of the remote proceeding. This self test typically takes 3 to 5 minutes.

TEST THE SYSTEM

Thank you for choosing Veritext for your upcoming proceeding.



View as webpage

Previn Warren

Jenner & Block LLP
1099 New York Avenue, N.W.
Suite 900, Washington, DC 20001-4412 | jenner.com
+1 202 637 6361 | TEL
+1 202 424 9424 | MOBILE
+1 202 661 4961 | FAX
Pronouns: He / Him
PWarren@jenner.com
Download V-Card | View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**PROOF OF SERVICE**

*Federal Insurance Company v. Tungsten Heavy Powder & Parts, Inc., et al.*
United States District Court – Southern District of California
Case No.: 21-cv-1197-W-MDD

STATE OF CALIFORNIA, COUNTY OF ORANGE

      I am employed in the County of Orange, State of California.  I am over the age of 18 and am not a party to the within action.  My business address is 2505 McCabe Way, Suite 100, Irvine, California 92614.

      On **June 3, 2022**, the document(s) entitled:

**DECLARATION OF LISSA LAFFEY IN SUPPORT OF FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL**

was/were served on the interested parties in this action by placing: [ ] the original [X] a true copy thereof, to be delivered/addressed as follows:

[X]    **(BY ELECTRONIC MAIL)** By causing the above-listed documents to be e-mailed to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Marc D. Halpern, Esq.<br>**HALPERN MAY YBARRA GELBERG, LLP**<br>600 West Broadway, Suite 1060<br>San Diego, California 92101<br>T: (619) 618-7000<br>F: (619) 618-7001<br>marc.halpern@halpernmay.com<br><br>Attorneys for Counterclaimants and Defendants<br>**TUNGSTEN HEAVY POWDER & PARTS, INC. and TUNGSTEN PARTS WYOMING, INC.** | Heather L. Mayer, Esq.<br>Ryan D. White, Esq.<br>**HALPERN MAY YBARRA GELBERG, LLP**<br>550 S. Hope Street, Suite 2330<br>Los Angeles, California 90071<br>T: (213) 402-1911<br>heather.mayer@halpernmay.com<br>ryan.white@halpernmay.com<br><br>Attorneys for Counterclaimants and Defendants<br>**TUNGSTEN HEAVY POWDER & PARTS, INC. and TUNGSTEN PARTS WYOMING, INC.** |
| Previn Warren, Esq.<br>**JENNER & BLOCK**<br>1099 New York Ave, NW, Ste. 900<br>Washington, DC 20001-4412<br>T:  (202) 639-6000<br>F:  (202) 639-6066<br>pwarren@jenner.com<br><br>Attorneys for non-party **GENERAL DYNAMICS** | |

:L0192569.1 :

**PROOF OF SERVICE**

[X]    **(BY PERSONAL SERVICE) By causing the above-listed documents to be delivered to the person(s) listed below.**

> **1505 Corporation**
> **112**
> **C T CORPORATION SYSTEM**
> 330 N BRAND BLVD STE 700
> GLENDALE, CA  91203
>
> Registered Agent for Service of Process for:
> **GENERAL DYNAMICS ORDNANCE AND TACTICAL SYSTEMS, INC.** and
> **GENERAL DYNAMICS-OTS, INC.**

**Executed on June 3, 2022, at Irvine, California.**

[X]    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____        *Sue Dobrowolski*
Sue Dobrowolski

:L0192569.1 :

**PROOF OF SERVICE**