1  HALPERN MAY YBARRA GELBERG LLP
       Marc D. Halpern (CA Bar No. 216426)
2  600 West Broadway, Suite 1060
   San Diego, California 92101
3  Telephone: (619) 618-7000
   Facsimile: (619) 618-7001
4  marc.halpern@halpernmay.com

5  HALPERN MAY YBARRA GELBERG LLP
       Ryan D. White (CA Bar No. 255201)
6      Heather L. Mayer (CA Bar No. 210544)
7
   550 S. Hope Street, Suite 2330
8  Los Angeles, California 90071
   Telephone: (213) 402-1911/1917
9  ryan.white@halpernmay.com
   heather.mayer@halpernmay.com
10
11  Attorneys for Defendants and Counterclaimants
    Tungsten Heavy Powder & Parts, Inc. and
12  Tungsten Parts Wyoming, Inc.
13

14              **UNITED STATES DISTRICT COURT**

15          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

16

| | |
|---|---|
| 17  FEDERAL INSURANCE COMPANY, | Case No. 3:21-cv-01197-W-MDD |
| 18           Plaintiff and Counterclaim | **DEFENDANTS AND** |
| 19  Defendant, | **COUNTERCLAIMAINTS'** |
| | **OPPOSITION TO FEDERAL** |
| 20      v. | **INSURANCE COMPANY'S** |
| 21 | **MOTION TO COMPEL** |
| | **COMPLIANCE WITH SUBPOENA** |
| 22  TUNGSTEN HEAVY POWDER & | |
| PARTS, INC. and TUNGSTEN PARTS | (*Declaration of Ryan White filed* |
| 23  WYOMING, INC., | *concurrently herewith*) |
| 24           Defendants and | |
| 25  Counterclaimants. | Judge:      Hon. Thomas J. Whelan |
| | Hon. Mitchell D. Dembin |
| 26 | Courtroom:  3C |
| 27 | |

28

OPPOSITION TO MOTION TO COMPEL

1    Counterclaimants and Defendants, Tungsten Heavy Powder & Parts, Inc.

2  ("THP") and Tungsten Parts Wyoming, Inc. ("TPW") (collectively, "Tungsten"),

3  submit this Opposition to Plaintiff and Counterclaim Defendant Federal Insurance

4  Company's ("FIC") Motion to Compel Compliance with Subpoena.[1]

5

6  Dated:  June 8, 2022                    **HALPERN MAY YBARRA GELBERG LLP**

7

8                                          By /s/ Ryan D. White
                                              Marc D. Halpern
9                                             Ryan D. White
                                              Heather L. Mayer
10

11                                         *Counsel for Counterclaimants and Defendants*
                                           *Tungsten Heavy Powder & Parts, Inc., and*
12                                         *Tungsten Parts Wyoming, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

27  [1] FIC filed two Motions to Compel Compliance with Subpoena on June 3, 2022, that are substantively the same.  *See* Dkt. Nos. 32 and 33.  This Opposition is in response to both.

28

1

**I.    MEMORANDUM OF POINTS AND AUTHORITIES**

2    Discovery in this matter has long-since closed, and motions for summary

3    adjudication are due to be filed by June 16, 2022.  Yet FIC, in a continuation of its

4    pattern of strong-arm and sloppy litigation tactics that are highly prejudicial to

5    Tungsten, has belatedly filed a motion to compel a former Tungsten customer,

6    General Dynamics Ordinance and Tactical Systems ("General Dynamics"), to

7    appear at a deposition ("Motion").  What's more, FIC did so without meeting and

8    conferring with Tungsten beforehand, despite Tungsten repeatedly imploring FIC

9    to provide Tungsten with advance notice before FIC reaches out to Tungsten's

10    customers and former customers.

11    FIC's failure to timely seek the deposition of General Dynamics or to adhere

12    to this Court's rules should not be countenanced by the Court.  Instead, the Court

13    should deny FIC's motion to compel, and should award Tungsten its costs for

14    having to file this opposition.

15    **II.    FACTS**

16    This Court is well-aware of the facts and circumstances that led Tungsten to

17    seek relief from the Court and sanctions for FIC's repeated discovery failures, and

18    the ways in which FIC's failures prejudiced Tungsten.[2]  Accordingly, Tungsten

19    will limit its recitation of the facts to only those relevant to the instant Motion.

20    As late as December 20, 2019, FIC became aware that General Dynamics

21    was one of Tungsten's "biggest" customers whose business was impacted due to

22    the shutdown of the sintering furnace.  Decl. of Richard Endres ("Endres Decl."),

23    Dkt. No. 33-2, Ex. G. at 14:8-22.  Yet, FIC waited until March 23, 2022, to issue a

24    first subpoena to General Dynamics—about six weeks before the scheduled

25

26

27

28

---

[2] For further detail, please see the Joint Motion for Determination of Discovery Dispute.  Dkt. No. 20.

1  discovery cut-off on May 16, 2022.[3]  Decl. of Ryan White ("White Decl."), ¶ 4 &

2  Ex. A.  At the time, FIC also issued a subpoena to another Tungsten customer,

3  Northrop Grumman. [4]

4          Tungsten objected to that General Dynamics subpoena (and the Northrop

5  Grumman subpoena).  Not only was the subpoena overbroad and facially invalid in

6  numerous respects, but Tungsten also objected to FIC serving subpoenas on two of

7  its biggest customers/former customers *without giving any advance warning to*

8  *Tungsten*, so that, for example, Tungsten could at least contact those customers and

9  give them some explanation and a heads-up.  Tungsten explained that this type of

10  commercially oblivious (or harassing) behavior, just like FIC's original filing of

11  this public lawsuit containing fraud allegations without giving Tungsten any

12  advance notice,[5] was having substantial negative impacts on Tungsten's business.

13  *Id.* at ¶ 5 & Ex. B.[6]  FIC withdrew those subpoenas.  *Id.* at ¶ 6 & Ex. C.

14          Thereafter, FIC issued amended subpoenas to General Dynamics and

15  Northrop Grumman.  *Id.* at ¶ 8 & Ex. E. Again, Tungsten requested that FIC

16  provide Tungsten with an advance copy of the subpoenas to ensure that any

17  potentially harmful commercial impacts could be mitigated.  FIC refused.  *Id.* at ¶

18  7 & Ex. D. As to General Dynamics, FIC issued the amended subpoena on April

19  11, 2022, and a second amended subpoena on April 22, 2022.  Decl. of Lissa

20  Laffey ("Laffey Declaration"), Dkt. No. 33-3 at ¶¶ 3-4.  General Dynamics

21  objected to the subpoena on numerous procedural and substantive grounds on May

22  6, 2022.  *Id*. at ¶ 8 & Ex. E.

23

24  [3] In its Motion and related declarations, FIC fails to discuss this prior General
    Dynamic subpoena, even though highly relevant background.
25  [4] The subpoena to Northrop Grumman is not at issue in the instant Motion.
26  [5] Against its own customs and practices, and insurance industry norms, FIC did not
    even give Tungsten notice of its fraud investigation or allegations, or a chance to
27  respond to them, before publicly suing Tungsten for fraud.
28  [6] Personal details regarding counsel for FIC have been redacted from Exhibit B, as
    they are private in nature and are irrelevant to the instant Motion.

OPPOSITION TO MOTION TO COMPEL

1    General Dynamics declined to appear at the deposition scheduled for May

2    12, 2022.  Endres Decl. at ¶ 4.  General Dynamics, did, however, produce

3    documents responsive to the subpoena to FIC on May 16, 2022.  *Id.* at ¶ 5.

4    Nevertheless, to date, FIC has still not even produced those documents to

5    Tungsten.  Indeed, Tungsten and its counsel only became aware of the production

6    when FIC filed its Motion (and immediately requested access to the materials,

7    which should have been automatically produced to Tungsten weeks ago upon

8    receipt).  White Decl. at ¶ 9 & Ex. F.

9    FIC then waited until June 3, 2022, to file the Motion, over three weeks after

10    the deposition date (May 12) and long after discovery had closed (May 16).  FIC

11    never provided Tungsten with notice of any unresolved dispute with General

12    Dynamics, nor advance notice of the Motion, nor did FIC meet and confer with

13    Tungsten regarding these issues.  Motions for summary adjudication are due to be

14    filed June 16, 2022, and the Court has set a briefing schedule after the motions

15    deadline[7].  Dkt. Nos. 19 at ¶ 5, 35.

16    **III.    THE COURT SHOULD DENY FIC'S MOTION AND ORDER FIC**

17    **TO PAY TUNGSTEN'S COSTS FOR FILING THIS OPPOSITION**

18    This Court should deny FIC's Motion, which is highly prejudicial to

19    Tungsten and was brought without advance notice to Tungsten.

20    **A.    FIC's Dilatory Conduct Has Rendered this Motion Untimely**

21    FIC's dilatory conduct has rendered this Motion untimely.  FIC has been

22    aware of the impacts of the furnace incident on General Dynamics' business with

23    Tungsten for over two years.  FIC filed this action almost a year ago in June 2021.

24    Yet, FIC waited until just weeks before discovery closed to issue a document and

25    deposition subpoena to General Dynamics, and scheduled a deposition in the

26

27    [7] FIC never provided Tungsten with advance notice of the Motion, and never

28    conducted a meet and confer, although strongly encouraged to do so by the rules.
White Decl. at ¶ 10.

OPPOSITION TO MOTION TO COMPEL

4

1    eleventh hour.  What's more, after General Dynamics declined to appear at the

2    deposition on May 12, FIC waited over three weeks to file a motion compel.

3        FIC's actions are unfair to Tungsten.  Motions for summary judgment must

4    be filed by June 16, 2022.  Yet, were the Court to grant FIC's Motion, any

5    deposition would necessarily take place after the motions deadline.  What's more,

6    FIC received documents from General Dynamics on May 16, 2022, yet, as of the

7    date of the filing of this opposition, FIC has not produced those documents to

8    Tungsten, and so Tungsten will not be able to use such materials to prepare any

9    motions it may file.

10       Simply put, this is a problem of FIC's own making, and FIC should not be

11   rewarded for its sloppy and improper litigation tactics.  This is especially the case

12   where FIC's actions have harmful impacts on Tungsten and the long-set case

13   schedule.

14       **B.    FIC Failed to Meet and Confer with Tungsten Prior to Filing**

15           **the Motion**

16       FIC's Motion should be denied for the alternative reason that it failed to

17   comply with this Court's Chambers Rules.  This Court's Chambers Rules are clear:

18   "Counsel must meet and confer on all issues **before** contacting the court."

19   Chambers Rules, V.A. (emphasis in original).  "A party found by the Court to have

20   failed to participate or to participate meaningfully in a required meet and confer

21   session, may be sanctioned." *Id.*

22       Here, FIC filed the Motion without giving any advance notice to Tungsten,

23   let alone meeting and conferring.  While the Motion is directed at a third-party,

24   General Dynamics, that does not excuse FIC from conferring with Tungsten.  This

25   is especially the case given the relationship of the subpoenaed party, and the timing

26   of the requested discovery during substantive motions.

27       The significance of these violations is also aggravated by FIC's prior

28   conduct in this action.  Tungsten has repeatedly informed FIC that acting

OPPOSITION TO MOTION TO COMPEL

1  unilaterally with respect to Tungsten's clients is having harmful commercial

2  impacts on Tungsten's business.  Indeed, Tungsten objected to the March 23

3  subpoena on these grounds, and that objection applies equally to the amended

4  subpoena issued on April 22, 2022.  Not only did FIC file this lawsuit alleging that

5  Tungsten committed fraud without providing any warning to Tungsten, but FIC

6  has now subpoenaed two of Tungsten's most significant customers or former

7  customers, without giving Tungsten an opportunity to mitigate the potentially

8  harmful commercial impacts that such actions can have.  FIC's conduct, in light of

9  Tungsten's warnings to FIC, can only be viewed as deliberate actions to leverage

10  Tungsten's sensitivities to gain a litigation advantage.  Such tactics should not be

11  countenanced by the Court.

12  **C.    FIC Should Be Sanctioned for Its Conduct**

13  FIC has already barely avoided sanctions for its prior prejudicial discovery

14  conduct.  At that time, the Court had been unwilling to grant sanctions for FIC's

15  repeatedly massively flawed productions that resulted in Tungsten having to spend

16  tens of thousands of dollars of additional attorney time.[8]  This should not be

17  allowed to happen again.  FIC's improper discovery tactics have caused substantial

18  harm to Tungsten throughout the course of this case, and again here.  Tungsten

19  respectfully requests that this Court deny FIC's Motion and order FIC to pay

20  Tungsten's fees and costs of filing this Opposition.

21

22

23

24

25

26

27

28

[8] The Court had encouraged Federal to make a voluntary good faith payment to rectify that wrong—but Tungsten has not heard a word or seen a penny.

OPPOSITION TO MOTION TO COMPEL