1  Kate Spelman (Bar No. 269109)
2  JENNER & BLOCK LLP
   515 S. Flower Street, Suite 3300
3  Los Angeles, CA 90071-2246
4  Telephone: (213) 239-5100
   kspelman@jenner.com
5
   *Counsel for Non-Party*
6  *General Dynamics – Ordnance and Tactical Systems*

7

8  **IN THE UNITED STATES DISTRICT COURT**

9  **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11  FEDERAL INSURANCE COMPANY          | Case No. 21-cv-1197-W-MDD

12              Plaintiff,             | **OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL GENERAL DYNAMICS' COMPLIANCE WITH SUBPOENA AND REQUEST FOR ORDER TO SHOW CAUSE RE: CONTEMPT**

13       v.

14  TUNGSTEN HEAVY POWDER & PARTS, INC. AND TUNGSTEN PARTS WYOMING, INC.

15

16              Defendant.             | Judge: Hon. Thomas J. Whelan
                                        | Magistrate: Hon. Mitchell D. Dembin
17

18

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................. 1

II. FACTUAL BACKGROUND............................................................... 1

III. POINTS AND AUTHORITIES ........................................................... 2

    A. The Court Does Not Have Jurisdiction to Grant this Motion. ... 2

    B. This Court Should Deny the Motion to Compel as Plaintiff's Subpoena Is Defective. ............................................................. 4

        1. The Subpoena Is Facially Deficient as it Did Not Provide GD-OTS with Reasonable Time to Respond................... 4

        2. The Subpoena Improperly Commands Compliance Outside of the 100-Mile Radius Required by Fed. R. Civ. P. 45(c)(1)(A). ................................................................. 5

        3. The Subpoena Is Unduly Burdensome. ........................... 8

    C. If this Court Grants the Motion to Compel, the Court Should Order Cost-Shifting. ................................................................ 10

    D. The Court Should Not Hold GD-OTS in Contempt. ............... 10

IV. CONCLUSION................................................................................... 12

# **TABLE OF AUTHORITIES**

Page(s)

## Cases

*Abante Rooter & Plumbing, Inc. v. PoundTeam Inc.*,
 No. 8:20-MC-110-JSM-SPF, 2021 WL 2430835 (M.D. Fla. Apr. 6, 2021) ...................................................................................................... 3

*Abante Rooter & Plumbing, Inc. v. Triumph Merch. Sols., LLC*,
 No. 20CV754-JAH(BLM), 2020 WL 3317196 (S.D. Cal. June 18, 2020) .................................................................................................... 11

*Airwair Int'l Ltd. v. Zoetop Bus. Co., Ltd.*,
 No. 20-CV-07696-SI (RMI), 2021 WL 6091263 (N.D. Cal. Dec. 23, 2021) .................................................................................................... 8

*Arminak v. Arminak & Assocs., LLC*,
 No. CV 16-3382 JAK (SSx), 2017 WL 10403032, at *3 (C.D. Cal. May 23, 2017) ........................................................................................ 5

*Ashton Woods Holdings L.L.C. v. USG Corp.*,
 No. 15-CV-01247-HSG, 2021 WL 8084334 (N.D. Cal. Apr. 5, 2021) ...................................................................................................... 6

*Broumand v. Joseph*,
 522 F. Supp. 3d 8 (S.D.N.Y. 2021) ........................................................... 7

*Cusumano v. Microsoft Corp.*,
 162 F.3d 708 (1st Cir. 1998) ..................................................................... 8

*Everlight Elecs. Co. v. Nichia Corp.*,
 No. C 13-80251 WHA, 2013 WL 6252530 (N.D. Cal. Dec. 3, 2013) ........................................................................................................ 8

*F.D.I.C. v. Garner*,
 126 F.3d 1138 (9th Cir. 1997) ................................................................... 9

*Foremost Ins. Co. Grand Rapids, Mich. v. Enriquez*,
 No. 13CV1604-H (DHB), 2015 WL 11578510 (S.D. Cal. Mar. 27, 2015), *aff'd*, No. 13-CV-1604-H (BGS), 2015 WL 11538000 (S.D. Cal. Apr. 10, 2015) .......................................................................... 4

*Frobe v. UPMC St.*,
   No. 2:20-CV-00957-CRE, 2021 U.S. Dist. LEXIS 129924 (W.D. Pa. July 13, 2021) ..........................................................................................7

*FTC v. Enforma Nat. Prods., Inc.*,
   362 F.3d 1204 (9th Cir. 2004) ..............................................................................11

*Guatay Christian Fellowship v. Cnty. of San Diego*,
   No. 08CV1406-JM (CAB), 2009 WL 2044619 (S.D. Cal. July 10, 2009) ..............................................................................................5

*Guzman v. Bridgepoint Educ., Inc.*,
   No. 11-0069-WQH (WVG), 2014 WL 1670094 (S.D. Cal. Apr. 28, 2014) ..........................................................................................4–5

*High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*,
   161 F.R.D. 86 (N.D. Cal. 1995) ............................................................................10

*Legal Voice v. Stormans, Inc.*,
   738 F.3d 1178 (9th Cir. 2013) ..............................................................................10

*Lesley v. Spike TV*,
   No. CV 04-2758-LGB, 2005 WL 8156283 (C.D. Cal. Apr. 12, 2005) ..............................................................................................3

*Maez v. Chevron Texaco Corp.*,
   No. C-3:04-00790 JSW (EDL), 2005 WL 8177400 (N.D. Cal. Apr. 19, 2005) ..............................................................................................4

*Meeks v. Parsons*,
   No. 1:03-CV-6700-LJO-GSA, 2009 WL 3003718 (E.D. Cal. Sept. 18, 2009) ..............................................................................................9

*Montgomery v. Risen*,
   No. 15-cv-02035-AJB-JLB, 2015 WL 12672704 (S.D. Cal. Oct. 30, 2015) ..............................................................................................3

*Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*,
   135 F.R.D. 101 (D.N.J. 1990) ...............................................................................10

*Oakes v. Halvorsen Marine Ltd.*,
   179 F.R.D. 281 (C.D. Cal. 1998) .......................................................................9–10

*Oppenheimer v. City of La Habra*,
  2017 U.S. Dist. LEXIS 23275 (C.D. Cal. Feb. 17, 2017) ............................ 11, 12

*Pennwalt Corp. v. Durand-Wayland, Inc.*,
  708 F.2d 492 (9th Cir. 1983) .................................................................................. 11

*Phillips v. Nunes Co., Inc.*,
  No. CV 13-53-BU-JCL, 2013 WL 12141325 (D. Mont. Dec. 12, 2013) ............................................................................................................................ 6

*Reddy v. Precyse Sols. LLC*,
  No. 1:12-CV-02061-AWI-SA, 2015 WL 3407447 (E.D. Cal. May 26, 2015) ............................................................................................................. 5

*Roundtree v. Chase Bank USA, N.A.*,
  No. 13-239 MJP, 2014 WL 2480259 (W.D. Wash. June 3, 2014) ...................... 7

*Santos v. Highland AL-MC GP, LLC*,
  No. EDCV 18-2374-JGB (KKX), 2019 WL 6053005 (C.D. Cal. Nov. 15, 2019) .......................................................................................................... 4

*Schoenherr v. Smith*,
  No. 12-cv-14276, 2013 WL 2239304 (E.D. Mich. May 21, 2013) ...................... 7

*Singh v. Vanderbilt Univ. Med. Ctr.*,
  No. 3:17-CV-00400, 2021 WL 3710442 (M.D. Tenn. Aug. 19, 2021) ........................................................................................................................... 6–7

*SPH Am., LLC v. AT&T Mobility, L.L.C.*,
  No. 13-CV-2318-CAB-KSC, 2016 WL 11783677 (S.D. Cal. Oct. 27, 2016) ............................................................................................................. 8

*Williams v. Camden USA Inc.*,
  No. 3:19-CV-691-AJB-AHG, 2021 WL 5417516 (S.D. Cal. Nov. 19, 2021) ............................................................................................................ 2–3

*Wultz v. Bank of China Ltd.*,
  293 F.R.D. 677 (S.D.N.Y. 2013) ............................................................................ 6

*Youngevity Int'l, Corp. v. Smith*,
  No. 16-CV-704 BTM (JLB), 2017 WL 6418961 (S.D. Cal. Dec. 15, 2017) ............................................................................................................... 3

**Other Authorities**

Fed. R. Civ. P. 30(b) ...................................................................................3, 4, 6

Fed. R. Civ. P. 37(a)(2) ...........................................................................................2

Fed. R. Civ. P. 43 ...........................................................................................6

Fed R. Civ. P. 45 ...................................................................................*passim*

## I. INTRODUCTION

Less than a month before the close of discovery in this action, Plaintiff Federal Insurance Company ("Plaintiff") served a procedurally defective and unduly burdensome deposition subpoena (the "Subpoena") on General Dynamics – Ordnance and Tactical Systems, Inc. ("GD-OTS"), a non-party that has no interest in the outcome of this matter. That Subpoena did not give GD-OTS thirty days to prepare its witness to testify, as required by the law. It purported to compel GD-OTS's testimony outside of a 100-mile radius of GD-OTS's principal place of business, contrary to the Federal Rules of Civil Procedure. And it identified a raft of grossly broad deposition topics that, if countenanced by the Court, would inflict gratuitous cost and burden on a non-party.

As if these procedural defects were not enough, Plaintiff waited until the eve of summary judgment to file a slapdash motion to compel, citing authority that (when actually reviewed) undermines rather than supports its position. And on top of all that, Plaintiff has filed in a court that does not even have jurisdiction to adjudicate its motion. Plaintiff's Motion to Compel, ECF No. 32, should be denied and its Subpoena should be quashed.

## II. FACTUAL BACKGROUND

On April 22, 2022, Plaintiff served a Subpoena issued from the Southern District of California on GD-OTS. Laffey Decl. ¶ 5, Ex. C, ECF No. 32-2. The Subpoena purported to require compliance on May 12, 2022. *Id*. Discovery was scheduled to close on May 16, 2022. *See* Scheduling Order ¶ 2, ECF No. 19. This means that the Subpoena provided 20 days for compliance and was sent 24 days prior to the close of discovery. Contrary to Plaintiff's assertion, discussions of substituting a declaration for deposition testimony began on April 21, 2022, not May 3, 2022. Warren Decl. ¶ 2. Plaintiff initially indicated a willingness to waive compliance with the deposition if GD-OTS provided a declaration from a witness

familiar with the identified topics. *Id.* at ¶ 4; Laffey Decl. ¶ 6, ECF. No. 32-2. However, after agreeing to this procedure, Plaintiff changed course and, on May 5, 2022, indicated it would only withdraw its deposition request after it saw a draft of GD-OTS's declaration and helped itself to the opportunity to edit and comment on that draft. *Id.* at Ex. D; Warren Decl. ¶ 5. The idea that GD-OTS would voluntarily permit Plaintiff to influence the testimony of its corporate representative was plainly untenable, yet Plaintiff refused to budge. At this point, it was one week before the deposition date.

On May 6, 2022, with Plaintiff having refused a reasonable compromise, GD-OTS objected to the Subpoena on substantive and procedural grounds. Laffey Decl. ¶ 8, Ex. E, ECF. 32-2. Notwithstanding these objections, GD-OTS made a production of over 11,000 pages of documents on May 16, 2022. Laffey Decl. ¶ 10; Warren Decl. ¶ 7.

Discovery closed on May 16, 2022. *See* Scheduling Order ¶ 2, ECF No. 19. Plaintiff filed its Motion to Compel on June 3, 2022. ECF No. 32. Plaintiff's motion includes no hearing date by which GD-OTS would calculate its deadline for a response. Motions for summary adjudication are due to be filed June 16, 2022. Scheduling Order ¶ 5, ECF No. 19.

### III.   POINTS AND AUTHORITIES

    **A.   The Court Does Not Have Jurisdiction to Grant this Motion.**

As a threshold matter, while the rules allow a subpoena to issue from the court where the action is pending, Fed. R. Civ. P. 45(a)(2), a motion to compel compliance must be filed in "the court for the district where compliance is required," Fed. R. Civ. P. 45(g); Fed. R. Civ. P. 37(a)(2) ("a motion for an order to a nonparty must be made in the court where the discovery is or will be taken."); *see also Williams v. Camden USA Inc.*, No. 3:19-CV-691-AJB-AHG, 2021 WL 5417516, at *1 (S.D. Cal. Nov. 19, 2021) (collecting cases and finding that the court did not have

jurisdiction because the motion to compel was not filed in the court where the non-party company was located); *Youngevity Int'l, Corp. v. Smith*, No. 16-CV-704 BTM (JLB), 2017 WL 6418961, at *3 (S.D. Cal. Dec. 15, 2017) (finding that the court did not have jurisdiction because the motion to compel was not filed in the court for the district where compliance was required).

GD-OTS is a Virginia corporation with its principal place of business in St. Petersburg, Florida. Therefore, compliance is required in St. Petersburg, Florida. *See Abante Rooter & Plumbing, Inc. v. PoundTeam Inc.*, No. 8:20-MC-110-JSM-SPF, 2021 WL 2430835, at *1 (M.D. Fla. Apr. 6, 2021) (finding that compliance was required at the subpoena recipient's principal place of business). A motion to compel may only be filed in the Middle District of Florida.

Plaintiff suggests that this Court has jurisdiction to grant its motion because GD-OTS has an office in San Diego, California. This is wrong. It is not the case that a plaintiff may subpoena a 30(b)(6) deponent anywhere in the country that the company does business. Rather, the location of a Fed. R. Civ. P. 30(b)(6) deposition should be the corporation's principal place of business unless there are "unusual circumstances which justify such an inconvenience to the corporation." *Lesley v. Spike TV*, No. CV 04-2758-LGB (PLAx), 2005 WL 8156283, at *2 (C.D. Cal. Apr. 12, 2005).[1]

This Court does not have jurisdiction to hear the Motion to Compel and where a court lacks jurisdiction over a party, it cannot grant a motion compelling that party to do something. *See Montgomery v. Risen*, No. 15-cv-02035-AJB-JLB, 2015 WL 12672704, at *1 (S.D. Cal. Oct. 30, 2015) ("The Court lacks the jurisdiction under the federal Rules of Civil Procedure to enforce the subpoena because it is not the court where compliance is required."). For the avoidance of doubt, GD-OTS has not

---

[1] Further, the GD-OTS business unit in San Diego is a completely separate corporate entity, General Dynamics Motion Control, LLC.

consented to this Court's jurisdiction.[2] The Motion to Compel must be dismissed for lack of jurisdiction.

### B. This Court Should Deny the Motion to Compel as Plaintiff's Subpoena Is Defective.

Even if this Court determines that it does have jurisdiction over the Motion to Compel, it must still deny the motion. A party issuing a subpoena to depose a person must give "reasonable notice" of the deposition, Fed R. Civ. P. 30(b), must conduct the deposition at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person, Fed. R. Civ. P. 45(c)(1)(A), and must take reasonable steps to avoid imposing undue burden or expense on the deponent, Fed. R. Civ. P. 45(d)(1). Plaintiff's Subpoena fails to honor all three rules.

#### 1. The Subpoena Is Facially Deficient as it Did Not Provide GD-OTS with Reasonable Time to Respond.

Fed R. Civ. P. 30(b)(1) requires a party who wants to depose a person to provide that person with "reasonable written notice."[3] When a notice of subpoena for a deposition joins a request for a production of documents, notice of a minimum of 30 days is required. *Guzman v. Bridgepoint Educ., Inc.*, No. 11-0069-WQH

---

[2] Objecting to a motion to compel a subpoena in a court does not equate to consent to that court's jurisdiction. *See Maez v. Chevron Texaco Corp.*, No. C-3:04-00790 JSW (EDL), 2005 WL 8177400, at *1 (N.D. Cal. Apr. 19, 2005) ("To hold that a non-party in a different jurisdiction waives its right to contest jurisdiction if it files objections to a subpoena in an abundance of caution would work an unfair hardship on the non-party and reward the party's improper choice of forum.").

[3] The standards of Fed R. Civ. P. 30(b)(6) still apply when the deposition of a corporate representative is requested under Fed R. Civ. P. 45. *See Foremost Ins. Co. Grand Rapids, Mich. v. Enriquez*, No. 13CV1604-H (DHB), 2015 WL 11578510, at *2 (S.D. Cal. Mar. 27, 2015), *aff'd*, No. 13-CV-1604-H (BGS), 2015 WL 11538000 (S.D. Cal. Apr. 10, 2015) (applying standards of both Fed R. Civ. P. 30 and Fed R. Civ. P. 45 to a subpoena for a deposition served upon a non-party); *Santos v. Highland AL-MC GP, LLC*, No. EDCV 18-2374-JGB (KKX), 2019 WL 6053005, at *2 (C.D. Cal. Nov. 15, 2019) (same).

(WVG), 2014 WL 1670094, at *2 (S.D. Cal. Apr. 28, 2014); *Guatay Christian Fellowship v. Cnty. of San Diego*, No. 08CV1406-JM (CAB), 2009 WL 2044619, at *1 (S.D. Cal. July 10, 2009) ("when the [deposition] notice joins a request for the production of documents, as this notice does, the procedures for Fed. R. Civ. P. 34 apply and a minimum of 30 days' notice is required"). Sending the request fewer than 30 days prior to the close of discovery without leave of the court renders the notice "defective on its face and therefore the deposition as noticed cannot be compelled." *Id.*

Plaintiff's Subpoena is dated April 22, 2022 and purported to require compliance on May 12, 2022. Discovery was scheduled to close on May 16, 2022. *See* Scheduling Order ¶ 2, ECF No. 19. This means that the Subpoena provided 20 days for compliance and was sent 24 days prior to the close of discovery. As such, the Subpoena is procedurally defective, and compliance cannot be compelled.

Plaintiff's reliance on *Arminak v. Arminak & Assocs., LLC* for the proposition that ten days constitutes reasonable notice is misplaced. No. CV 16-3382 JAK (SSx), 2017 WL 10403032, at *3 (C.D. Cal. May 23, 2017). The subpoena in *Arminak* did not request a production of documents in addition to a deposition. *Id.* at *2. Notice of between one week and ten days is only reasonable where the party is seeking a deposition *without* the production of documents. *Reddy v. Precyse Sols. LLC*, No. 1:12-CV-02061-AWI-SA, 2015 WL 3407447, at *3 (E.D. Cal. May 26, 2015).

   2.   **The Subpoena Improperly Commands Compliance Outside of the 100-Mile Radius Required by Fed. R. Civ. P. 45(c)(1)(A).**

Turning next to the location of the deposition, under Fed. R. Civ. P. 45(c)(1)(A), "[a] subpoena may command a person to attend a trial, hearing, or deposition only. . . within 100 miles of where the person resides, is employed, or

5

regularly transacts business in person."[4] Only one federal court in California has had occasion to consider whether videoconferencing technology satisfies the 100-mile requirement regardless of the location of the requesting party and deponent. In *Ashton Woods Holdings L.L.C. v. USG Corp.*, the plaintiff argued that Fed. R. Civ. P. 43, which allows courts to permit testimony by "contemporaneous transmission from a different location" "[f]or good cause in compelling circumstances," meant that it could present testimony of out-of-state witnesses by live-streamed video at trial. No. 15-CV-01247-HSG, 2021 WL 8084334, at *1 (N.D. Cal. Apr. 5, 2021). The court rejected this argument, instead finding that plaintiff's request was precluded by Fed. R. Civ. P. 45(c)(1)(A). *Id.* Federal courts in other jurisdictions have reached the same result. *See Singh v. Vanderbilt Univ. Med. Ctr.*, No. 3:17-CV-00400, 2021 WL 3710442, at *3 (M.D. Tenn. Aug. 19, 2021) (declining to compel a witness to appear at trial via videoconference where the court was located more

---

[4] A Fed. R. Civ. P. 30(b)(6) deponent is not presumed to be located anywhere the company does business. Rather, Fed. R. Civ. P. 45's 100-mile limitation applies to the **individual person designated by a corporation** pursuant to Rule 30(b)(6). *See Phillips v. Nunes Co., Inc.*, No. CV 13-53-BU-JCL, 2013 WL 12141325, at *2 (D. Mont. Dec. 12, 2013) (collecting cases); *see also Wultz v. Bank of China Ltd.*, 293 F.R.D. 677, 680–81 (S.D.N.Y. 2013) (quashing subpoena for Fed. R. Civ. P. 30(b)(6) deposition in New York because the deposition topics had nothing to do with the New York branch of the company, and no appropriate deponent was located in New York). Here, there is no individual employed by GD-OTS in California who GD-OTS could or would designate to testify on the topics identified in the Subpoena. As noted above, the GD-OTS business unit in San Diego is a separate corporate entity, which had nothing to do with the GD-OTS/Tungsten Heavy Powder & Parts relationship.

than 100 miles from the witness's home); *Roundtree v. Chase Bank USA, N.A.*, No. 13-239 MJP, 2014 WL 2480259, at *2 (W.D. Wash. June 3, 2014) (same).[5]

      The rule articulated in these cases makes perfect sense. As one court has helpfully explained, Fed. R. Civ. P. 45(c)(1)(A) centers not around the distance that the deponent would have to travel, but around the location of the proceeding which the deponent would be required to attend, and "any other reading would render Rule 45(c)'s geographical limitations a nullity." *Broumand v. Joseph,* 522 F. Supp. 3d 8, 24 (S.D.N.Y. 2021).

      Plaintiff cites no authority that contravenes the cases set forth above. Indeed, once again, Plaintiff cites authority that ***undermines*** its position. *See* Mot. to Compel 10, ECF No. 32 (citing *Frobe v. UPMC St.* Margaret, No. 2:20-CV-00957-CRE, 2021 U.S. Dist. LEXIS 129924, at *2 (W.D. Pa. July 13, 2021). In *Frobe*, the court ordered the issuing party to modify its subpoena to change the place of the deposition from "Zoom" to a location within 100 miles of the deponent's home. *Id.* at *3–4. Plaintiff's reliance on *Schoenherr v. Smith*, No. 12-cv-14276, 2013 WL 2239304 (E.D. Mich. May 21, 2013) fares no better. In *Schoenherr*, the court did not, as Plaintiff alleges, find that a subpoena taken by videoconference would comply with the statutory 100-mile limitation. Mot. to Compel 10–11. Rather, the court noted that "it would be beneficial" to attempt to obtain the deposition by videoconference. *Id.* at *3. In any event, *Schoenherr* is readily distinguished from the present case, because the ***deponent*** suggested the use of videoconference for the depositions. *Id.* at *1. Here, GD-OTS has objected rather than consented to the use of

---

[5] Plaintiff tries—but fails—to distinguish *Singh v. Vanderbilt Univ. Med. Ctr.,* No. 3:17-CV-00400, 2021 WL3710442, at *4 (M.D. Tenn. Aug. 19, 2021) based on the fact that the court considered trial testimony rather than deposition testimony. Mot. to Compel 11, ECF No. 32. This is a distinction without a difference as Fed. R. Civ. P. 45(c)(1)(A) governs trials, hearings, and depositions, and does not distinguish between them for purposes of the 100-mile restriction. FRCP 45(c)(1)(a).

videoconferencing technology to conduct its deposition. Plaintiff's effort to set the "Place" of this deposition as "Via Zoom Videoconferencing" does not allow it to skirt the requirements of Fed. R. Civ. P. 45(c)(1)(A).

### 3. The Subpoena Is Unduly Burdensome.

Finally, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense" on the deponent. Fed. R. Civ. P. 45(d)(1). A court must quash a subpoena if it subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). Courts should give special weight to concern for the unwanted burden thrust upon non-parties with "no dog in [the] fight." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). Deposition subpoenas that consist of a list of topics that could be requested directly from a party and that require a non-party to take time away from its own business are considered an undue burden. *See SPH Am., LLC v. AT&T Mobility, L.L.C.*, No. 13-CV-2318-CAB-KSC, 2016 WL 11783677, at *2 (S.D. Cal. Oct. 27, 2016); *Airwair Int'l Ltd. v. Zoetop Bus. Co., Ltd.*, No. 20-CV-07696-SI (RMI), 2021 WL 6091263, at *2 (N.D. Cal. Dec. 23, 2021); *see also Everlight Elecs. Co. v. Nichia Corp.*, No. C 13-80251 WHA (misc), 2013 WL 6252530, at *3 (N.D. Cal. Dec. 3, 2013).

That is precisely the case here. As an initial matter, certain topics identified in the Subpoena are simply gratuitous. For example, the Subpoena purports to require testimony regarding "[p]urchase orders" with Defendants and "payments made" to Defendants related to the Hellfire Program R9E. But these documents were included in the over 11,000-page production provided by GD-OTS to Plaintiff, and there is no reason to think testimony about them would materially advance any issue of importance to this case. Laffey Decl. Ex. A at Topic Nos. 1, 2, ECF No. 32-2. The Subpoena also lists topics that are facially overbroad. For example, the Subpoena purports to demand testimony concerning all "documents" (including such

categories as notes, diaries, messages, audio recordings, and more) that "undermined and/or damaged Tungsten's reputation to General Dynamics from 2018 to the present." *Id.* at Ex. A. at Topic No. 13. It is not clear how a corporate representative at GD-OTS could reasonably find and familiarize themselves with such a vaguely defined set of material.

Plaintiff posits that a single employee at GD-OTS has knowledge of and could easily testify to all of the topics identified in its deposition, on the "presum[ption] that [GD-OTS] has a 'raw materials buyer' department with oversight responsibility regarding the purchase of tungsten from Defendants or their competitors." Mot. to Compel 9, ECF No. 32. Plaintiff cannot reduce the burden of its topics through mere speculation. The reality is that preparing one representative for this deposition would involve hours of interviews with other GD-OTS employees, across different departments, who worked with Tungsten Heavy Powder & Parts. More importantly, it would require that deponent to invest multiple days to review the over 11,000 pages of documents produced. In short, the task of educating a corporate deponent about Plaintiff's many requested topics would take significant time away from GD-OTS's regular business and would create significant cost to GD-OTS.

Neither of Plaintiff's cases addressing the undue burden standard under Fed. R. Civ. P. 45 works in the way Plaintiff wishes it did, because both involve a finding that the subpoena recipient had not explained the undue burden or cost of compliance. *See F.D.I.C. v. Garner,* 126 F.3d 1138, 1146 (9th Cir. 1997) (finding subpoena recipient had not explained the undue burden); *Meeks v. Parsons*, No. 1:03-CV-6700-LJO-GSA, 2009 WL 3003718, at *8 (E.D. Cal. Sept. 18, 2009) (finding subpoena recipient had not alleged anything with regard to the cost of compliance). Plaintiff's other cases offer no guidance whatsoever as they do not address the undue burden standard under Fed. R. Civ. P. 45 at all. *See Oakes v.*

*Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990).

### C. If this Court Grants the Motion to Compel, the Court Should Order Cost-Shifting.

Should the Court grant Plaintiff's Motion to Compel, it should include in its order language mandating the shifting of costs from GD-OTS to Plaintiff. When a court orders compliance with a subpoena over objection, "the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance" with a subpoena. Fed. R. Civ. P. 45(d)(2)(B)(ii). This rule was amended in 1991 to "ma[k]e cost shifting mandatory in all instances in which a non-party incurs significant expense from compliance with a subpoena." *Legal Voice v. Stormans, Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013).

As discussed above, preparing for the deposition would require multiple days of preparation, the diversion of resources away from GD-OTS's business operations, and, of course, the time of GD-OTS's counsel in preparing GD-OTS and defending the deposition. *See* Fed. R. Civ. P. 45(d)(1) (court "must enforce" duty of party "responsible for issuing and serving a subpoena [to] take reasonable steps to avoid imposing undue burden or expense" and may "impose an appropriate sanction— which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply"); *see also High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88–89 (N.D. Cal. 1995) (awarding attorney's fees where requesting party failed to avoid undue burden). Should this Court order compliance with the Subpoena, the order should specify that the Court will require cost-shifting to protect GD-OTS from significant expense.

### D. The Court Should Not Hold GD-OTS in Contempt.

Plaintiff next argues that GD-OTS should be ordered to show cause why it should not be held in contempt. As with so many of Plaintiff's assertions, this is not

the law. The court for the district where compliance is required (*i.e.*, not this Court) may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it. Fed. R. Civ. P. 45(g). Plaintiff bears the burden of establishing by clear and convincing evidence that the opposition violated a specific order of the court. *See FTC v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004). Courts do not use contempt sanctions without first ordering compliance with a subpoena. *Abante Rooter & Plumbing, Inc. v. Triumph Merch. Sols., LLC*, No. 20CV754-JAH(BLM), 2020 WL 3317196, at *3 (S.D. Cal. June 18, 2020) (citing the advisory committee notes to Fed. R. Civ. P. 45).

Plaintiff's argument is totally undermined by the authority it cites, *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983). In its Motion to Compel, Plaintiff cites the *Pennwalt* court's **recitation of the plaintiff's argument** that noncompliance with a subpoena may warrant sanctions. Plaintiff misses that, in the very next sentence, the court noted that once a party has objected to the subpoena, the subpoenaing party must request a court order directing compliance. *Id.* at 494 n.5 In direct contrast to Plaintiff's representations, the *Pennwalt* court specifically held that, "[b]ecause [the plaintiff] failed to obtain an order directing compliance with its subpoena duces tecum, [the recipient's] noncooperation could not be deemed a contempt under Rule 45(f)." *Id.* at 494. If there is any party that should be sanctioned here, it is Plaintiff, for its failure to honor its duty of candor to this tribunal.

Plaintiff's reliance on *Oppenheimer v. City of La Habra*, 2017 U.S. Dist. LEXIS 23275, *9 (C.D. Cal. Feb. 17, 2017), is similarly unhelpful to its cause. In *Oppenheimer*, the court found that the defendants had shown by clear and convincing evidence that the plaintiff failed to comply with the deposition subpoena given that the plaintiff cashed the check for witness fees, failed to attend the deposition, and then failed to comply with the court's order to show cause. *Id.* The

court also found that the plaintiff had "displayed a history of attempting to avoid service of pleadings and Court orders." *Id.* at *9–10. This is a far cry from what is alleged in our case. GD-OTS timely objected to the Subpoena on substantive and procedural grounds. Plaintiff then filed this Motion to Compel (in the wrong court) and has not received an order compelling compliance (from the right court). Nothing about this series of events would suggest that sanctions are appropriate, even if this Court had jurisdiction to award sanctions, which it does not. *See* Fed. R. Civ. P. 45(g).

## IV.  CONCLUSION

For the foregoing reasons, GD-OTS respectfully requests that Plaintiff's Motion to Compel be denied and that Plaintiff's Subpoena be quashed.

Dated:  June 14, 2022                                JENNER & BLOCK LLP

By:  */s/ Kate Spelman*
Kate Spelman (Bar No. 269109)
JENNER & BLOCK LLP
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: (213) 239-5100
kspelman@jenner.com

*Counsel for Non-Party*
*General Dynamics – Ordnance and Tactical Systems*