UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,<br><br>                          Plaintiff,<br><br>v.<br><br>TUNGSTEN HEAVY POWDER & PARTS, INC. and TUNGSTEN PARTS WYOMING, INC.,<br><br>                         Defendants. | Case No.: 21cv1197-W-MDD<br><br>**ORDER DENYING NON-PARTY'S MOTION FOR ATTORNEY'S FEES**<br><br>[ECF No. 70] |

## **BACKGROUND**

This is an insurance coverage dispute concerning Defendants' claim for loss of business income under a commercial insurance policy. (ECF No. 1). The current motion concerns a non-party's request for attorney's fees against Plaintiff pursuant to Fed. R. Civ. P. 37(a)(5)(B). (ECF No. 70). The non-party, General Dynamics Ordnance and Tactical Systems ("GD-OTS") seeks fees against Plaintiff Federal Insurance Company ("FIC") based on this Court's July 18, 2022 denial of FIC's motion to compel deposition testimony from GD-OTS. (ECF No. 53).

Discovery closed on May 16, 2022, and dispositive motions are now pending. (ECF No. 19). Toward the end of discovery, Plaintiff served a subpoena for deposition testimony on GD-OTS, which is one of Defendants' largest customers. Plaintiff was seeking testimony from an organization representative pursuant to Rule 30(b)(6). (ECF NO. 53). When GD-OTS communicated to Plaintiff that it was unwilling to appear for a deposition based on several objections it had to the subpoena, Plaintiff filed a motion to compel in this Court where the underlying action is pending. (ECF No. 32).

GD-OTS challenged this Court's jurisdiction to resolve the subpoena dispute, arguing that any resolution of the issue must be sought in the Middle District of Florida, where GD-OTS has its principal place of business. (*See* ECF No. 53 at 6). The non-party also argued the subpoena was facially insufficient, in part, because it failed to assert an appropriate "place" for the deposition to occur. (*Id.*). Plaintiff had designated the place of deposition as "VIA ZOOM VIDEO CONFERENCE." (*Id.* at 2).

This Court agreed with the non-party that the Southern District of California was not the court for the district where compliance with the subpoena was required and denied Plaintiff's motion to compel. (*Id.* at 11-12). The Court also found the subpoena invalid for failing to specify an appropriate "place of compliance." (*Id.* at 14-15).

Plaintiff had argued that GD-OTS could comply with the subpoena from "virtually anywhere" in the country because the deposition was noticed to occur remotely via videoconference. (*Id.* at 15). Without GD-OTS's stipulation to that agreement, however, the argument failed. The Court also rejected Plaintiff's alternative basis of jurisdiction, namely that GD-OTS regularly conducted business in this district based on the existence of a GD-

OTS branch office in San Diego. (*Id.* at 17).

GD-OTS now asserts it is entitled to attorney's fees for having to respond to Plaintiff's motion to compel because (1) Plaintiff filed the motion in the wrong district, (2) the subpoena violated Rule 45, and (3) the subpoena was untimely. (ECF No. 70). Upon due consideration and a review of the arguments and legal authority, the Court DENIES the non-party's motion for attorney's fees.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that a court award attorney's fees to a party that opposes a motion to compel discovery and wins, unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). "[T]he burden of showing substantial justification and special circumstances is on the party being sanctioned." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994).

"Discovery conduct is substantially justified if it is a response to a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Yphantides v. Conty of San Diego*, No. 21CV1575-GPC(BLM), 2022 WL 3362271, at *8 (S.D. Cal. Aug. 15, 2022) (citation omitted). Ultimately, the imposition of Rule 37 sanctions is "left to the sound discretion" of the court. *O'Connell v. Fernandez-Pol*, 542 F. App'x 546, 547-48 (9th Cir. 2013) (citing *Craig v. Far West Eng'g Co.*, 265 F.2d 251, 260 (9th Cir. 1959).

## DISCUSSION

FIC first subpoenaed documents from GD-OTS on March 23, 2022, without seeking deposition testimony. (ECF No. 53 at 4). Plaintiff then

made several attempts to determine the appropriate corporate individual to subpoena and depose, beginning in early April 2022, six weeks before discovery closed. (*See* ECF No. 53 at 4). GD-OTS agreed to produce subpoenaed documents to Plaintiff, and it did so, but GD-OTS repeatedly maintained that it was not going to attend a deposition. (*See* ECF No. 32-2 at 6, 9, 30-31, 35). Finally, on June 3, 2022, FIC filed its motion to compel. (ECF No. 32).

FIC and GD-OTS discussed the possibility of a remote video deposition for several weeks. (*See id.*). They also considered having GD-OTS complete a declaration in lieu of deposition, but those negotiations failed. (*Id.* at 6). GD-OTS never identified a specific corporate representative for Plaintiff to subpoena for a deposition, despite the fact the non-party understood that Plaintiff was seeking such testimony. The motion to compel may have been unnecessary if the non-party had provided a name and/or location for a Rule 30(b)(6) witness in response to FIC's requests and the parties' on-going communications.

Instead, as Plaintiff repeatedly sought information regarding the correct corporate representative to serve, GD-OTS sent communications to FIC objecting to the subpoena. (*See* ECF No. 53 at 5; *see also* ECF No. 32-2 at 34-35). GD-OTS would not stipulate to a remote deposition of its corporate representative. (ECF No. 32-2 at 34-35).

After Plaintiff served its third iteration of the Rule 30(b)(6) subpoena to GD-OTS on April 22, 2022, the non-party continued objecting to the subpoena though written correspondence to FIC. (*Id.*). GD-OTS did not file a Rule 45(d)(3) motion to quash nor a motion to modify the subpoena in the district that it maintained had jurisdiction over the dispute, *i.e.*, the Middle District

of Florida.  (ECF No. 53 at 9).

In denying FIC's motion to compel, this Court recognized Plaintiff's novel argument regarding a subpoena for remote deposition testimony that arguably could occur "anywhere."  (ECF No. 53 at 15).  Ultimately, the Court held that the Federal Rules of Civil Procedure did not support Plaintiff's approach because the parties had not stipulated to a remote deposition.  (*See id.*).

Upon review of the facts involved here, the Court finds that a reasonable attorney could believe that designating a deposition to occur via remote video deposition would permit the parties to proceed as scheduled because the deponent's location would be irrelevant.  *See, e.g., Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206 (D. Nev. 2020) (acknowledging that "courts within the Ninth Circuit routinely highlight remote depositions as an effective and appropriate means to keep cases moving forward notwithstanding pandemic-related restrictions"); *Grano v. Sodexo Management, Inc.*, 335 F.R.D. 411 (S.D. Cal. 2020) (stating that "attorneys all over the country are having to adjust to conducting depositions via videoconference").  That is particularly true here, where the parties communicated about a video deposition for several weeks preceding the subpoena.  Although the law does not currently permit a party to designate the place of deposition as a remote videoconference, the Court will not impose fees on a party who attempted to do so after continued conversations and efforts to get such a deposition scheduled within the scheduling order deadlines.

Additionally, the Court finds that it was reasonable, albeit mistaken, for FIC to conclude the non-party regularly transacted business in the

Southern District of California based on the existence of a San Diego GD-OTS branch office. This was not a case of GD-OTS lacking sufficient notice about the desired deposition. To the contrary, the parties had been working on the details of the disputed deposition for months. The fact that FIC resorted to identifying a GD-OTS branch office in the district where the case is pending as a location for the deposition is in large part a result of the lawyers' ongoing failure to communicate with one another to finalize necessary discovery to move this case forward. The motion to compel was, therefore, substantially justified despite its lack of success.

An award of fees against FIC would also be unjust in this case. When GD-OTS realized its objections to the subpoena, instead of filing a motion to quash or a motion to modify in the district that it maintained was appropriate for litigating this dispute, the non-party waited. Then, on June 14, 2022 (ECF No. 38) it responded to the motion to compel in this Court as it was required to do. Had GD-OTS followed procedures prescribed by the Federal Rules of Civil Procedure, a motion to compel may have been unnecessary.

The Court explained in the order denying the motion to compel that the "only relief available to a nonparty when served with a subpoena to testify at a deposition is to file a motion to quash or modify the subpoena." *BNSF Ry. Co. v. Alere, Inc.*, No. 18cv291-BEN-WVG, 2018 WL 2267144, at *7 (S.D. Cal. May 17, 2018) ("When a nonparty wishes protection by the Court, the nonparty must seek out such protection, and the proper method to seek the Court's assistance after being served with a subpoena to testify at a deposition is to file a motion to quash or modify the subpoena."). GD-OTS did neither.

If a subpoenaed party could simply object to a subpoena for deposition testimony, a motion to quash would never be required. *See Aetna Casualty and Surety Co. v. Rodco Autobody*, 130 F.R.D. 2 (D. Mass. 1990) ("the fact that objections were served [by the nonparty] is no excuse whatsoever not to attend the deposition."); *Abbot v. Kidder, Peabody & Co.*, No. 97 C 3251, 1997 WL 337228, *3 (E.D. Ill. June 16, 1997) (finding that written objections to service of subpoena did not excuse nonparty from attending deposition absent a motion to quash or a protective order).

In summary, an award of fees against FIC is not supported because the motion to compel was substantially justified and such an award would be unjust.

## CONCLUSION

The non-party's motion for attorney's fees (ECF No. 70) is DENIED.

**IT IS SO ORDERED.**

Dated: October 11, 2022

Hon. Mitchell D. Dembin
United States Magistrate Judge